No. 9639.

## BROCK-HAFFNER PRESS CO. ET AL. *v*. INDUSTRIAL COMMISSION ET AL.

1. MASTER AND SERVANT—*Course of Employment.*  Where the servant loses his life in an attempt to save a fellow servant from injury, he is acting within the course of his employment.

2. INDUSTRIAL COMMISSION—*Finding of*, if supported by the evidence must be accepted by the courts.

*Error to Denver District Court, Hon. Julian H. Moore, Judge.*

Mr. WILLIAM E. HUTTON and Mr. B. B. McCAY, for plaintiffs in error.

Hon. VICTOR E. KEYES, Attorney General, Mr. JOHN S. FINE, Assistant, Mr. WAYNE C. WILLIAMS and Mr. H. E. CURRAN, of counsel, for defendants in error.

Mr. Justice Teller delivered the opinion of the court.

THIS cause is before us to review a judgment of the District Court affirming an award made by the Industrial Commission in a proceeding before it in which defendants in error, Hoffman and Putnam were claimants for compensation. Said Hoffman, as grandmother, and Putnam as a minor brother of Edwin Putnam, who was killed on the premises of plaintiff in error, The Brock-Haffner Press Company, while in said company's employ, claimed to be dependent upon said deceased, and as such entitled to compensation under the statute. The Commission found that said Robert Putnam was wholly dependent upon said deceased brother, and that he was entitled to the compensation prescribed by the statute. On appeal to the District Court, it was held that the evidence did not show entire dependence by Robert Putnam upon the deceased, and the award was accordingly set aside. Upon further hearing before the Commission, it was found that Robert Putnam was eleven-twelfths dependent upon his deceased brother, and an award made to that effect. This award, on review of the District Court, was affirmed.

Plaintiffs in error contend that the evidence does not support either the finding of liability under the compensation act, or of eleven-twelfths dependence. While the evidence as to the former question leaves much to conjecture, it is nevertheless true that from it a reasonable man might draw the inference that deceased lost his life in attempting to save a fellow employe from injury in the factory, which act, under the authorities, was an accident arising out of and in the course of his employment. *Dragovich v. Iroquois Iron Co.*, 269 Ill. 478, and cases cited.

Upon the extent of the dependence also the evidence is such that from it an inference may reasonably be drawn which supports the findings. Under this state of facts, we are not called upon to weigh the evidence, but must accept the findings of the Commission.

The judgment is accordingly affirmed.

*Affirmed.*

Chief Justice Garrigues and Mr. Justice Burke concur.