No. 10,073.

PICARDI *v.* INDUSTRIAL COMMISSION, ET AL.

Decided July 5, 1921.

Action under the workmen's compensation act. Claim denied.

*Affirmed.*

1. WORKMEN'S COMPENSATION—*Finding of Commission—Review.* Appellate courts have no power to review a finding of the industrial commission upon the evidence.

2. *Industrial Commission Award—Review by Supreme Court.* On review of an industrial commission case by the supreme court, the cause will not be remanded for detailed findings, where the general finding of the commission is right under the evidence.

Neither will the award be disturbed where the conclusion of the commission is a reasonable inference from the evidence.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. HENRY E. MAY, Mr. WILLIAM G. SMITH, for plaintiff in error.

Mr. VICTOR E. KEYES, attorney general, Mr. JOHN S.

FINE, assistant, Messrs. SMITH, BROCK & FERGUSON, Mr. JOHN P. AKOLT, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE district court affirmed the award of the Industrial Commission which denied John M. Picardi compensation for the death of his fourteen year old son. The case comes here on error.

The ground upon which the commission denied the compensation was that the father was not shown to be "incapable of or actually disabled from earning his own living," as provided in § 53, Chap. 210, S. L. 1919. The district court had no power and we have no power to review this finding upon the evidence.

The finding of the commission with respect to the incapacity and disability of the plaintiff is not sufficiently detailed to enable us to say whether the award was justified by the findings or not; but we do not send the case back for further detail because we think the finding right under the evidence. *Prouse v. The Industrial Commission,* 69 Colo. 382, 194 Pac. 625, and because, even if we thought the award was wrong, inasmuch as their conclusion is a reasonable inference from the evidence, we would not disturb it. *Brock-Haffner Press Co. v. Ind. Com.,* 68 Colo. 291; *Globe Co. v. Ind. Com.,* 67 Colo. 526.

The family of the claimant consisted of himself and three children, a daughter of 16, a son, 14, and a daughter, 11. At the time of the accident the claimant was out of employment; the only income of the family was $8 a week to the elder daughter and about $12 a week to the son. The claimant was 56 years old, in reasonably good health and was a contractor, had had what he termed a college education, and had taken many contracts, such as excavating, water-works, pipe laying, etc., employing at times, a considerable number of men. He also worked by the day. The only reason he had not, shortly after the accident, taken a job as foreman or manager, giving him $8,

and his men $5 a day, was that the labor market was such that he could not get men to work for him. There was nothing to show that he was not as capable of entering into and performing contracts of that sort as anybody. Moreover he says that, though able to work, he quit his last job because he didn't like the foreman over him. If the commission had found these facts in detail, as they should have done, the district court would have been obliged to affirm their award, and we shall not disturb its judgment.

Something is said in argument that the commission ought to have made an award in favor of the younger daughter, if they found the father entitled to nothing. She was making no claim for an award; neither she nor any of her rights is before us.

Judgment affirmed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE WHITFORD concur.