## No. 10,495.

THE CANON RELIANCE COAL CO., ET AL. *v.* INDUSTRIAL COM-
MISSION, ET AL.

Decided December 4, 1922.   Rehearing denied January 8, 1923.

Proceeding under the workmen's compensation act.
Award to claimant.

## *Affirmed.*

1.   WORKMEN'S COMPENSATION—*Fact Findings.*   The contention in this
case that there is no finding of fact by the industrial commis-
sion which supports the award, overruled.

2.      *Evidence—Sufficiency.*   While evidence of the cause of death
of an employe may be unreliable and disputed, the appellate
court will not disturb an award of the industrial commission
on the theory that in basing its findings upon such evidence,
it acted without or in excess of its powers.

*Error to the District Court of the City and County of Den-*
*ver, Hon. Julian H. Moore, Judge.*

Mr. L. WARD BANNISTER, Mr. SAMUEL M. JANUARY, Mr.
WILLIAM T. WOLVINGTON, for plaintiffs in error.

Mr. VICTOR E. KEYES, attorney general, Mr. JOHN S.
FINE, assistant, Mr. D. W. ROSS, for defendants in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

WHILE employed by the coal company (plaintiff in
error), John Seitz was struck in the face by a piece of coal.
Later a cancer, carcinoma, developed there from which he
died.   The referee of the Industrial Commission awarded
his widow, Mabel Seitz (defendant in error), $3,125.00
which was reduced by the commission and later by the
judgment of the district court to $2,313.22, and otherwise
affirmed.   To review that judgment this writ is prose-

cuted. The errors assigned are that the commission acted without, or in excess of, its powers, and that its findings of fact do not support the award. For convenience we consider these in reverse order.

1. It is said that there is no finding of fact that the accident was the proximate cause of the cancer, or that decedent sustained any injury or suffered any disability as the result of said accident. We think the following quotation from the commission's findings of fact is a complete refutation of the contention and requires no further comment.

"The commission * * * finds: * * * that on or about February 5th, A. D. 1920, while the decedent was engaged in loading coal, he was struck on the cheek by a flying lump of coal * * * that he died August 26, A. D. 1921. That his death was caused by the malignant growth in his cheek. * * * From and after February 5th, 1920, and beginning with the time decedent's face became sore and swollen, his condition became steadily worse and finally culminated in his death on August 26th, 1921. No intervening cause is shown that would, or does, account for the sudden change in decedent's condition * * *. Our finding, therefore, is that decedent's death was the proximate result of his accident of February 5th, A: D. 1920.

It is undisputed that the immediate cause of death was cancer.

2. The contention that the commission acted without, or in excess of, its powers in making an award is based upon the assumption that there is no substantial and credible evidence to support the foregoing findings. Decedent had testified before the commission in support of his own claim, made prior to his death, which testimony was by agreement admitted in evidence in support of the claim of his widow. We quote from that testimony.

"I received this blow on the cheek * * * that was on February 5th * * * I was bending over this way picking up this coal and throwing it into the car and a chunk off the end flew up and hit me on the cheek * * *.

It was some time before it swelled.  *  *  *    After this two or three weeks time it swelled up some  *  *  *. Doctor Orendorff operated on me  *  *  *  . It was on the 14th of May that he operated  *  *  *. I was in the hospital after the operation six days."

Dr. Orendorff, duly qualified as a physician and surgeon, testified for claimant:

"I made a tentative diagnosis (May 11, 1920) of malignant cancer  *  *  *. The X-Ray examination showed the right cheek was clouded and evidently occupied by some form of growth  *  *  *. On the 14th of May we removed the growth.

Q. What do you say you found the condition to be? A. Malignant cancer  *  *  *.

Q. From the history that this man gave you such as you say you developed on inquiry what conclusion did you reach in your own mind as to the probable cause of his condition at the time you operated upon him? A. My guess was that it was due to the accident  *  *  *.

Q. Do you wish then to withdraw your answer that there is a connection between an injury and a cancer  *  *  *? A. No I do not care to withdraw that because it is considered as one of the causes."

Dr. Graves, a physician and surgeon, testified for claimant:

"Q. State whether or not it is the opinion of the profession that injuries of this kind may and do result in cancer. A. They may  *  *  *. We don't know just what the connection is but we know that cancer frequently follows injury  *  *  *. We simply know that an irritation sometimes sets the thing going. But what the *modus operandi* of it is we don't know  *  *  *. It is a well established fact that irritation and traumatisms undoubtedly start cancer in some cases  *  *  *. Men are struck in the face with pieces of coal in the mines thousands of times and nothing happens but at the same time a trouble might follow such an injury in another instance. Now why

it follows in one case and not in other cases we do not know."

The foregoing statements of witnesses are in other places modified and by other experts disputed. The testimony may be unreliable. The whole subject is shrouded in more or less mystery and despite the present opinions and theories of some of the authorities and members of the profession the true cause of such a cancer may tomorrow be established as entirely separate and apart from such an injury. But in our opinion the foregoing is sufficient "substantial and credible evidence" to support the findings and preclude us, under the rule repeatedly laid down by this court, from disturbing those findings on the theory that the commission, in basing them upon such evidence, acted "without or in excess of its powers." *Passini v. Industrial Commission,* 64 Colo. 349, 171 Pac. 369; *Brock-Haffner Press Co. v. Industrial Commission,* 68 Colo. 291, 187 Pac. 44; *Picardi v. Industrial Commission,* 70 Colo. 266, 199 Pac. 420.

Minor questions discussed in the briefs are without merit and require no consideration.

The judgment of the district court is affirmed.