## No. 12,345.

BEATRICE CREAMERY COMPANY, ET AL. *v.* STANDLEY, ET AL:

Decided September 23, 1929.

Mr. FRANK L. GRANT, for plaintiffs in error.

Mr. ROBERT E. WINBOURN, Attorney General, Mr. ARTHUR L. OLSON, Assistant, Mr. O. OTTO MOORE, Mr. HAROLD CLARK THOMPSON, for defendants in error.

*In Department.*

Mr. Justice Moore delivered the opinion of the court.

The district court affirmed an award of the Industrial Commission allowing compensation to Ruth J. Standley for the death of her husband, Ray C. Standley, occasioned by an accident arising out of and in the course of his employment with plaintiff in error, Beatrice Creamery Company. This company and the General Accident Fire & Life Assurance Corporation, Ltd., appear here as plaintiffs in error, contending that the judgment of the district court and the award of the Industrial Commission should be set aside for the reason that decedent's death was the result of a disease neither caused nor contributed to by an injury.

The Industrial Commission, by its supplemental award which was approved as its final award, found:

"Decedent, Ray C. Standley, was injured in an accident arising out of and in the course of his employment, March 28, 1927. Shortly thereafter there arose in the vicinity of his left knee, a lump, which was afterward diagnosed as a myxo-sarcoma and removed. All of the available evidence as to the actual condition of the knee prior to the accident of March 28, 1927, is to the effect that deceased had never had any difficulty with his knee nor swelling in its vicinity prior to said accident.

"Decedent was operated upon, and the tumor was removed on April 27, 1927, by Dr. W. H. Halley and Dr. Faber. Thereafter, decedent's leg was amputated in April, 1928, by Dr. A. W. Metcalf. He died on May 30, 1928, by reason of sarcoma developed from the original sarcoma on or near the left knee.

"It is impossible to reconcile the medical testimony offered in this case by surgeons of equal repute and standing, save general concensus of opinion that nothing definitely is known of the causes of sarcoma nor of the part trauma plays in the origin or development thereof.

It is in evidence that the X-ray photographs showed a calcareous deposit about the original tumor mass and this is urged as showing that the tumor antedated the accident by some considerable period of time. Dr. Halley, however, testified that in performing the first operation, he found no such deposit. Dr. Dobos, pathologist, of St. Joseph's Hospital, testified: 'If there is calcium in any tumorous structure, we have to decalcify it to cut it with a knife.' It would, therefore, appear that had the X-rays or their interpretations not been in error, Dr. Halley should have discovered the calcareous deposits in his operation.

"None of the experts gave it as their opinion that sarcoma cannot be occasioned or aggravated by trauma. The only clear evidence, therefore, is the testimony of claimant and decedent that the swelling arose shortly after the accident and at the site of the injury, and did not antedate the accident. It is, therefore, found as fact that decedent died on May 30, 1928, as the result of an injury received on March 28, 1927, arising out of and in the course of the employment of decedent."

■ The record discloses that this finding was based upon "substantial and credible evidence" sufficient to support the same, and under repeated rulings of this court, it cannot be set aside.

In the case of *Canon Coal Co. v. Industrial Com.*, 72 Colo. 477, 211 Pac. 868, the facts were almost identical. There, decedent was struck on the cheek by a flying lump of coal and cancer ensued. The medical testimony was in conflict as to the cause of the cancer. Mr. Justice Burke in affirming the award states at page 480: "The foregoing statements of witnesses are in other places modified and by other experts disputed. The testimony may be unreliable. The whole subject is shrouded in more or less mystery and despite the present opinions and theories of some of the authorities and members of the profession the true cause of such a cancer may tomorrow be established as entirely separate and apart

from such an injury. But in our opinion the foregoing is sufficient 'substantial and credible evidence' to support the findings and preclude us, under the rule repeatedly laid down by this court, from disturbing those findings on the theory that the commission, in basing them upon such evidence, acted 'without or in excess of its powers.' "

This case is conclusive of the instant case.

Judgment affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE BUTLER and MR. JUSTICE BURKE concur.