No. 13,399.

CENTRAL SURETY AND INSURANCE CORPORATION ET AL. *v.*
INDUSTRIAL COMMISSION ET AL.

(30 P. [2d] 253)

Decided February 13, 1934.

Messrs. BERMAN & HOLLAND, for plaintiffs in error.

Mr. Paul P. Prosser, Attorney General, Mr. M. S. Ginsberg, Assistant, for defendants in error.

*En Banc.*

Mr. Justice Butler delivered the opinion of the court.

This is a proceeding brought under the Workmen's Compensation Act.

J. B. Lard, referred to herein as the decedent, was in the employ of A. L. Cook and Sanders Brothers. On August 4, 1931, he was killed in an accident arising out of and in the course of his employment. His widow, in her own behalf and in behalf of the claimants J. W., Lavina and Mima Lard, filed with the Industrial Commission a dependents' notice and claim for compensation. On August 31, 1931, the commission found that the widow was totally dependent upon the decedent for support, and that J. W. and Lavina Lard, father and mother of the decedent, and Mima Lard, his sister, were partial dependents. The widow was awarded $43.14 per month until the sum of $3,106.25 should have been paid. On January 14, 1933, the commission found that the widow remarried on November 5, 1932, and ordered that her right to compensation terminate as of November 5. On April 5, 1933, the commission found that at the date of the death of the decedent his father and mother, J. W. and Lavina Lard, and his sister, Mima Lard, were partially dependent upon him; that their dependency was to the extent of 20 per cent; and that the widow remarried November *20 (sic)*, 1932. The commission awarded the three claimants a total of $43.14 per month from November 20, 1932, until $621.25 should have been paid, such payments to be made to J. W. Lard for the benefit of all. Upon review, the commission, and thereafter the district court, affirmed the award.

The insurance company and the employers seek a reversal of the judgment. They contend, first, that the

claimants are not entitled to any compensation; second, that the findings of the commission are not sufficient to support the award; and, third, that if the claimants are entitled to compensation, they are entitled to receive, not 20 per cent of the total amount awarded to the widow, but only 20 per cent of the unpaid balance of that amount. Of these in their order. For the sake of brevity, we shall refer to the 1932 Supplement to the Compiled Laws as "1932 Supplement."

■ 1. Section 4431, 1932 Supplement, provides in part:

"The question as to who constitute dependents and the extent of their dependency shall be determined as of the date of the accident to the injured employee and the right to death benefits shall become fixed as of said date irrespective of any subsequent change in condition * * *."

Section 4430, Compiled Laws, contains this provision:

"Where there are persons both wholly dependent and partially dependent, only those wholly dependent shall be entitled to compensation."

Section 4432, 1932 Supplement, provides in part:

"Death benefits shall terminate upon the happening of any of the following contingencies and shall thereupon survive to the remaining dependents, if any, to-wit:

"(a) Upon marriage.

"(b) Upon death of any dependent * * *."

It is contended that the words "shall thereupon survive to the remaining dependents," in section 4432, were intended to apply only to those who are wholly dependent. But if the Legislature so intended, no doubt the word "wholly" would have been inserted in the appropriate place. Its omission is significant. If the provision were not intended to apply to others than those wholly dependent, it would serve no useful purpose; for if there were two or more persons wholly dependent and one remarried or died, the rights of the other or others to compensation would continue without any such provision.

Indeed, the word "survive" would hardly be selected if the intent were such as counsel contend it was.

■ Acting pursuant to section 4431, the commission found that at the time of the accident the widow and the present claimants were dependents, the former wholly so, the latter partially so; and, acting pursuant to section 4430, the commission awarded compensation only to the widow. Though partially dependent, the present claimants were not entitled to receive compensation during the time that the widow, who was wholly dependent, was entitled to compensation; but when the widow's right thereto terminated, as it did upon her remarriage, the partial dependents became entitled to receive compensation. If the decedent had left no widow, the present claimants would have been entitled to compensation from the day of the accident. If the contention of the plaintiffs in error were sound, and the widow had died the day after the accident, the partial dependents would have been entitled to nothing. The construction contended for would be out of harmony with the spirit and purpose of the Workmen's Compensation Act, and should not be adopted unless unavoidable, and we do not think that it is unavoidable.

■ It is contended, also, that the commission's finding that Lavina and Mima Lard were partial dependents is contrary to the law because, under section 4426, Compiled Laws, they were conclusively presumed to have been wholly dependent upon J. W. Lard, husband of the former and father of the latter, and therefore could not have been partially dependent upon the decedent. That section provides:

"For the purposes of this act the following described persons shall be conclusively presumed to be wholly dependent:

"(a) Wife, unless it be shown that she was voluntarily separated and living apart from the husband at the time of his injury or death and was not dependent in whole or in part on him for support.

"(b) Minor children of the deceased under the age of eighteen years * * *."

Counsel quote the following statement in *London Guarantee & Accident Co. v. Industrial Commission,* 78 Colorado 478, 479, 242 Pac. 680: " 'Wholly dependent' on him means that they are dependent on no one else; it has no other meaning; they could not, therefore, be dependent in whole or in part on any other person." But in *Employers' Mutual Insurance Co. v. Industrial Commission,* 82 Colo. 281, 260 Pac. 106, it was held that section 4426 applies only where the wife makes a claim for compensation on account of the death of her husband, and does not apply where she claims compensation on account of the death of a son. The same reason would apply where a child under 18 years of age claims compensation, not for the death of her father, but for the death of her brother; but as we read the evidence, Mima was not under 18 years of age at the time of the accident; hence in no event does she come within the terms of section 4426.

2. It is contended that the findings of the commission are not sufficient to support the award. The findings, such as they are, do support the award; but it is said that the findings are not so specific as the law requires. The commission, it is true, found generally that at the time of the accident the present claimants were partially dependent upon the decedent, but did not make detailed findings of the facts constituting partial dependency. From an examination of the record, however, we find that the commission's conclusion was a reasonable inference from the evidence and that the finding was right. Therefore, following the course pursued in *Picardi v. Industrial Commission,* 70 Colo. 266, 199 Pac. 420, we shall not disturb the judgment because of the absence of detailed findings.

3. What is the true measure of the claimants' compensation?

Section 4428, 1932 Supplement, is as follows: "In case

of death, the dependents of deceased entitled thereto, shall receive as compensation or death benefits fifty per cents (50%) of the deceased employee's average weekly wages, not to exceed a maximum of fourteen dollars ($14.00) per week and not less than a minimum of five dollars ($5.00) per week, for a period not to exceed six (6) years from the date of the death of the injured employee, less any sums paid to the employee prior to his death as compensation for his disability as in this act provided.''

Section 4430, Compiled Laws, provides in part: ''Partial dependents shall be entitled to receive only that portion of the benefits provided for those wholly dependent which the average amount of the wages regularly contributed by the deceased to such partial dependents at and for a reasonable time immediately prior to the injury bore to the total income of the dependents during the same time. The commission shall have power and discretion to determine the proper elements to be considered as income of said dependents in each particular case.''

Section 4437, 1932 Supplement, provides in part: ''In case death proximately results from the injury within a period of two (2) years, the benefits shall be in the amounts and to the persons following: * * *

'' (b) If there are wholly dependent persons at the time of death, the payment shall be fifty per cent (50%) of the average weekly wages, subject to the limitations of this act as to maximum and minimum weekly amount, and to continue for the remainder of the period from the date of the death, and not to exceed six (6) years from the date of the injury, and not to amount to more than a maximum of four thousand three hundred and seventy-five dollars ($4,375.00).

'' (c) If there are partly dependent persons at the time of the death, the payment shall be not to exceed fifty per cent (50%) of the average weekly wages, subject to the limitations of the minimum and maximum weekly amount and to continue for such portion of six (6) years after

the date of the injury as shall be required to pay, at the said weekly rate, the total amount awarded by the commission to be paid to such partial dependent or partial dependents."

The commission ascertained that the benefits provided for one wholly dependent amounted in this case to $3,-106.25, and the widow was awarded that amount, payable in monthly installments. The commission also found that the extent of the claimants' partial dependency was 20 per cent. They awarded $621.25, which was 20 per cent of $3,106.25. We believe that that is too much. If the right of the widow to compensation had not terminated, the plaintiffs in error would have been obliged to pay her in monthly installments the full amount remaining unpaid. The present claimants, being only 20 per cent dependent, are entitled to 20 per cent of the amount that the one wholly dependent would have been entitled to receive, that is to say 20 per cent of the difference between $3,106.25 and the amount of compensation already paid by the plaintiffs in error.

The judgment is reversed, and the cause is remanded for further proceedings in harmony with the views herein expressed.