No. 14,925.

INDUSTRIAL COMMISSION ET AL. *v.* CALUMET FUEL
COMPANY.
(114 P. [2d] 297)

Decided May 19, 1941.   Rehearing denied June 16, 1941.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAW-
RENCE HINKLEY, Deputy, Mr. MORRY M. STERLING, Assist-
ant, for plaintiffs in error.

Messrs. HAWKINS & HAWKINS, Mr. H. J. BINCH, of
counsel, for defendant in error.

*En Banc.*

MR. JUSTICE BAKKE delivered the opinion of the court.

THIS is an industrial commission case in which plain-
tiffs in error seek review and reversal of a district court

judgment setting aside an award in favor of claimant made by the commission and dismissing the claim. When the matter was first taken to the district court, it was remanded to the commission with directions to make specific findings on issues made up by the pleadings. The commission complied with the order, but adhered to its original award. The court again remanded the matter to the commission for more specific findings in seven particulars. Legal representatives of the commission then stated in open court that they were unable to comply with the directions of the court, and that if the case were again remanded it would have no alternative but to affirm its award theretofore made. Whereupon, the trial court entered final judgment setting aside the award and dismissing the claim.

The facts giving rise to the claim as disclosed by the record are: Edward W. Scholes was employed by defendant in error, The Calumet Fuel Company, both parties being subject to the provisions of the Workmen's Compensation Act. The company is self-insurer. Scholes was injured June 23, 1939 in an accident arising out of and in the course of his employment resulting in his death on the same evening. He left surviving him his father, mother, sister and a crippled brother. Claim for compensation was filed by the mother, sister and brother as partial dependents under section 335, chapter 97, '35 C.S.A., C.L. §4430. The matter came before the commission in the usual course. The father, though not entirely well, was able to work part time and did not file claim as a dependent. The sister filed claim as a dependent, but the testimony disclosed that she had had work a part of the time and did not reside with the family continuously. No award was made concerning her. The commission found the mother and crippled brother to be 56 per cent dependent, and ordered compensation for them at the rate of $60.76 a month "until the full sum of $2,450 shall have been paid."

The total earnings of deceased for the year preceding, as disclosed by a letter from the company, were $1,187.91. All of this money was turned over to his mother, the testimony being that $45.00 per month was in payment of board and that the balance went into the family income fund. The crippled brother had worked on W.P.A. projects for a time during the year preceding, but he had been retired because of his physical condition and was unable to find work thereafter. The family lived on a dry land farm in Huerfano county. The father testified that he had tried to keep some cows on the place but had to let them go because the range was insufficient, and that the exclusive source of income was from what the members of the family earned.

Section 335, supra, reads as follows: "Partial dependents shall be entitled to receive only that portion of the benefits provided for those wholly dependent which the average amount of the wages regularly contributed by the deceased to such partial dependents at and for a reasonable time immediately prior to the injury bore to the total income of the dependents during the same time. The commission shall have power and discretion to determine the proper elements to be considered as income of said dependents in each particular case. Where there are persons both wholly dependent and partially dependent only those wholly dependent shall be entitled to compensation."

■ No one could successfully contend that determination of the extent of dependency can be made with mathematical exactness. While the formula used by the commission is not before us, in our opinion its determination of 56 per cent, if at all erroneous, was not far wrong. As already indicated, the father and sister were eliminated from consideration, and we agree with the commission that no family responsibility should be placed upon the crippled brother, in which case the mother and deceased were the only contributors "to the total income of the dependents." The deceased con-

tributed $647.91—the remainder of his total yearly income after deducting $540 paid to his mother for board. The mother contributed the above $540 so received. This made a total of $1,187.91, and $647.91 is 54.54+ per cent of $1,187.91. As has been noted, the statute, section 335, supra, provides that "the commission shall have power and discretion to determine the proper elements to be considered as income of said dependents in each particular case." It is obvious that no formula would fit all cases, but clearly the one here used complies with the statute.

Following the first remand from the district court, the commission entered its supplemental award as follows:

"In the above entitled cause, the commission having examined the entire file and particularly the transcript of testimony taken at a hearing held May 14, 1940 at Walsenburg, Colorado, pursuant to an order of the district court of the City and County of Denver in case No. A-26637, Division No. 2, dated April 29, 1940, and now being fully advised in the premises finds:

"That the award of the Referee dated November 21, 1939 is correct and that the awards of this Commission dated December 14, 1939 and January 3, 1940 are likewise correct and should be affirmed pursuant to the order of the district court hereinabove mentioned.

"The commission further finds that the testimony offered at the hearing on May 14, 1940 at Walsenburg, Colorado, is cumulative and does not enable the Commission to make full and complete findings as ordered by the district court of the City and County of Denver, to-wit: 'Specific findings on issues set forth under paragraph #12, page #11 and sub-divisions a to g, inclusive, of plaintiff's complaint.'

"From all the evidence herein, however, this commission finds that the decedent, Edward Scholes, at the time of his death and for a reasonable period of time prior thereto did partially support claimant, Kate Scholes and the claimant, Laurence Scholes, in that the decedent

contributed to the support of the two claimants hereinabove mentioned, from September 1938 to June 23, 1939, 56% of the total income which was available to them for their maintenance and support.

"The decedent was entirely self-supporting and from the evidence it appears that he contributed to the support of the claimants and himself his entire earnings which were spent by the claimant, Kate Scholes, or at her direction.

"The commission further finds that the father of the decedent was and is physically able to support and care for himself and is, therefore, not entitled to receive any compensation benefits.

"The claimant, Laurence Scholes, is over 21 years of age but is physically disabled in that he is without the sight of his right eye and has lost the index finger and thumb of his left hand and is not sufficiently trained or educated to obtain other than manual labor which he cannot qualify for by reason of his physical handicaps.

"The decedent's average weekly wage was $32.50 and he sustained an accident arising out of and in the course of his employment on June 23, 1939 which resulted in his death on that same day. He left surviving and dependent upon him to an extent equivalent to 56% of total dependency his mother, Kate Scholes, and his brother, Laurence Scholes, who is over 21 years of age but is physically disabled.

"It is, therefore ordered: That the respondents above named pay compensation to the mother, Kate Scholes, for the use of herself and dependent above named at the rate of $60.76 per month beginning June 23, 1939 and continuing monthly thereafter until the full sum of $2,450.00 shall have been paid."

The principal assignment of error is that the trial court dismissed the claim because the commission failed to comply with the order of the court that it make its findings more specific and certain in the following particulars:

138

"(a) The issue as to whether or not defendant Kate Scholes was in fact partially supported by said Edward W. Scholes at the time of his death and for a reasonable period of time immediately prior thereto.

"(b) The issue as to whether or not defendant Laurence Scholes was in fact partially supported by said Edward W. Scholes at the time of his death and for a reasonable period of time immediately prior thereto.

"(c) The issue as to whether or not defendant Laurence Scholes was incapable of or actually disabled from earning his own living at the time of the death of said Edward W. Scholes and for a reasonable period of time immediately prior thereto.

"(d) The issues as to the average amount of the wages regularly contributed by said Edward W. Scholes to defendants Kate Scholes and Laurence Scholes, or either of them, at and for a reasonable time immediately prior to the injury of said Edward W. Scholes on June 23, 1939, if any.

"(e) The issues as to the total income of defendants Kate Scholes and Laurence Scholes at the time said Edward W. Scholes was injured on June 23, 1939, and for a reasonable time immediately prior thereto.

"(f) The issue as to the proper elements to be considered as income of defendants Kate Scholes and Laurence Scholes at and for a reasonable time immediately prior to the injury of said Edward W. Scholes on June 23, 1939.

"(g) The issue as to what part of the general family expenses paid by said Edward W. Scholes, if any, went or was devoted to the support of said Edward W. Scholes and to the support of others in the family who were not dependent upon him as defined by the Workmen's Compensation Act of Colorado."

Although the judgment of the court did not specify upon which of the statutory grounds set out in section 382, chapter 97, '35 C.S.A., C.L. §4477, it dismissed the claim, we assume it was on the first, i.e.,

"(a) That the commission acted without or in excess of its powers," which was the ground urged in the complaint of the company.

In the case of *Central Surety and Insurance Corporation v. Industrial Commission*, 94 Colo. 341, 30 P. (2d) 253, a similar legal problem was involved, six points being urged instead of seven, as here, in which it was asserted that the commission acted without or in the excess of its powers, all of the points being predicated upon the proposition that the findings of the commission did not support the award. While the judgment in that case was reversed, because we thought the percentage awarded the partial dependent was "too much," we said, after a careful consideration of the point here in issue: "It is contended that the findings of the commission are not sufficient to support the award. The findings, such as they are, do support the award; but it is said that the findings are not so specific as the law requires. The commission, it is true, found generally that at the time of the accident the present claimants were partially dependent upon the decedent, but did not make detailed findings of the facts constituting partial dependency. From an examination of the record, however, we find that the commission's conclusion was a reasonable inference from the evidence and that the finding was right. Therefore, following the course pursued in *Picardi v. Industrial Commission*, 70 Colo. 266, 199 Pac. 420, we shall not disturb the judgment because of the absence of detailed findings."

We think this language may appropriately be applied to the present situation, and that consequently the trial court erred in dismissing the claim. We do not, however, believe the award in this case is "too much."

Another matter which deserves attention, although not made the basis of assignment of error, is, that the seven points on which more detailed findings were asked were not incorporated in the petition for review. A "petition for review * * * defines the limits of inquiry

for the district court and for this court as well ***" and "the mention—in such complaint or in such assignments—of any errors or objections not specified in the petition for review does not entitle them to be considered by the courts." *London Guarantee & Accident Co. v. Sauer*, 92 Colo. 565, 568, 22 P. (2d) 624.

Our holding is that the judgment be reversed, and the cause remanded with instructions to reinstate the award of the commission.

MR. JUSTICE YOUNG and MR. JUSTICE HILLIARD not participating.