No. 17,040.

UNITED STATES FIDELITY AND GUARANTY COMPANY ET AL.
*v.* INDUSTRIAL COMMISSION ET AL.
(259 P. [2d] 869)

Decided July 20, 1953.

Mr. DARWIN D. COIT, for plaintiffs in error.

Mr. DON B. OLIVER, Mr. W. H. ERICKSON, LILA I. LUDLAM, for defendant in error Bugino.

Mr. DUKE W. DUNBAR, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. PETER L. DYE, Assistant, for defendant in error Industrial Commission.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

THIS is a proceeding on writ of error to review the judgment of the district court of the City and County of Denver affirming an award of the industrial Commission in an action arising under the Workmen's Compensation Act.

Claimant alleged that on July 12, 1951, he sustained a ruptured intervertebral disc in an accident arising out of and in the course of his employment, and that as a result thereof he suffered temporary total disability. A hearing was held before a Referee of the Industrial Commission January 16, 1952, at the conclusion of which the claim was dismissed by entry of the following order:

"Hearing herein held January 16, 1952 at Denver, Colorado, as provided by law. The facts established are as follows:

"Claimant alleges that he suffered a ruptured intervertebral disc in an accident arising out of and in the course of his employment on July 12, 1951; that he did not leave work on account thereof until July 26, 1951 and that he is still temporarily and totally disabled as a result thereof. After this claim was served on respondent insurance carrier it obtained a statement from claimant as to the surrounding facts and circumstances. Claimant admits that he initialled each page of the statement and signed his name at the end but maintains that he has no recollection of having done so.

"In this statement he says that as far as he can recall he never slipped or fell or had any unusual strain or accident at any time while working on the job. Although he testified that several people witnessed the incident

which he holds responsible for his condition, none were called to verify his testimony. The superintendent, under whom he worked, testified that claimant had complained of a painful back for at least a month prior to July 12, 1951 and had sought medical attention therefor. Examining physicians obtained a history of the pain occurring while in the course of his employment but no description of any accident.

"The Referee is of the opinion and so finds that the condition of which claimant complains pre-existed the date upon which claimant claims to have been injured and was not aggravated by an accidental strain arising out of and within the course of his employment.

"It is, therefore, ordered: That claimant's claim for compensation and medical benefits be and the same hereby is denied and dismissed."

On review of the proceedings conducted by the Referee, the Industrial Commission, on March 6, 1952, entered "Findings of Fact and Award" in favor of claimant, as follows:

"In the above entitled cause, the Commission having reviewed the entire file as prayed by the claimant's Petition for Review filed herein and being now fully advised in the premises finds:

"That the claimant sustained an accident arising out of and in the course of his employment on July 12, 1951 and that by reason of such accident he sustained a ruptured intervertebral disc. He left work July 26, 1951 and is temporarily and totally disabled. His permanent partial disability cannot be determined. His average weekly wages were $59.60.

"It is, therefore, ordered: That the Order of the Referee dated January 22, 1952 be and the same hereby is vacated and held for naught.

"It is further ordered: That the respondents above named pay compensation to the claimant at $28.00 per week beginning July 27, 1951 and continuing during claimant's temporary total disability.

"It is further ordered: That the respondents above named pay for the necessary medical, surgical and hospital expense incurred within six months following the injury and not to exceed $1,000.00 in value."

The district court affirmed this award of the commission.

The attorney for the insurance carrier seeks reversal of the judgment upon several grounds, one of which is as follows: "The Findings of Fact and Award of the Commission dated March 6, 1952, which was subsequently affirmed as the final award of the Commission, is wholly insufficient to support any order or award of compensation because in said award the Commission attempts to find an accident but does not find what the accident consisted of or describe any purported accident factually, and the finding in that regard is simply a conclusion which, as aforesaid, is unsupported by the evidence."

Question to be Determined.

*Where there is conflicting evidence as to whether a claimant for compensation sustained the accident arising out of and in the course of his employment, and the Industrial Commission makes no specific findings concerning the facts, but includes therein only the general statement that, "The claimant sustained an accident arising out of and in the course of his employment"; can an award of compensation based upon such findings be sustained over the objection that the commission failed to resolve the conflict dealing with evidentiary facts?*

The question is answered in the negative. It is sufficient to direct attention to our opinion in the case of *Metros v. Denver Coney Island*, 110 Colo. 40, 129 P. (2d) 911, as authority for this conclusion. We quote from that opinion as follows:

"We have announced, too often to require citation of authorities, that the district court in workmen's compensation cases, and this court on review, are bound by the *findings of fact of the commission which are supported*

*by evidence.* Unless the commission first finds the evidentiary and ultimate facts, it is futile for the reviewing court to examine the record, for it cannot sit as a fact-finding body to ascertain facts from the testimony in the first instance, and it cannot on review determine whether the testimony is sufficient to establish *facts that have not been found by the commission.*

\* \* \*

"The second requirement (b) of the section [section 294, chapter 97, '35 C.S.A.], by necessary implication, is that the commission find from the evidence how claimant was engaged and what happened to him at the time and place he sustained the alleged accidental injury. These are the evidentiary facts to be determined on the hearing and when the commission finds them it should then find the ultimate fact, namely, whether at that time and place, the employee was performing services arising out of and in the course of his employment.

\* \* \*

"If the testimony is conflicting the commission's duty is to resolve that conflict, determine what is true and what is false, and announce the fact in accordance with its findings. \* \* \*"

Under the particular circumstances in the case at bar we think that specific findings of evidentiary facts are essential to a valid award of compensation.

Counsel for defendants in error rely on *Picardi v. Industrial Commission,* 70 Colo. 266, 199 Pac. 420; *Central Surety & Insurance Corp. v. Industrial Commission,* 94 Colo. 341, 30 P. (2d) 253; and *Industrial Commission v. Calumet Fuel Co.* 108 Colo. 133, 114 P. (2d) 297. In the last two cases the question of the sufficiency of findings of the Industrial Commission concerning partial dependency was considered, and the awards of the commission in those cases were sustained, notwithstanding the absence of detailed findings relating to the facts constituting partial dependency. In the Picardi case the claimant was denied compensation for the death of

his fourteen year old son. The court there stated, inter alia: "The finding of the commission with respect to the incapacity and disability of the plaintiff is not sufficiently detailed to enable us to say whether the award was justified by the findings or not; but we do not send the case back for further detail because we think the finding right under the evidence." Similar language is found in the other cases above cited.

The question involved in the instant case arises under paragraph (b), section 294, chapter 97, '35 C.S.A., which has nothing to do with the· question of dependency. The questions involved in the cases on which defendants in error rely arose under section 336 of said chapter. However, we do not attempt to distinguish these cases upon that ground. The opinion of this court in *Metros v. Denver Coney Island, supra,* is clearly applicable to cases arising under section 336 of the statute, which provides, inter alia: "The question as to who constitute dependents and the extent of their dependency shall be determined as of the date of the accident to the injured employee * * *."

We expressly disapprove the opinions in *Picardi v. Industrial Commission, supra, Central Surety & Insurance Corp. v. Industrial Commission, supra,* and *Industrial Commission v. Calumet Fuel Co., supra,* in so far as they· purport to approve findings of fact in general terms, and we establish the rule announced in *Metros v. Denver Coney Island, supra,* for the future guidance of the Industrial Commission.

The judgment accordingly is reversed and cause remanded with directions to transmit the case to the commission for the entry of specific findings of evidentiary facts consistent with the views herein expressed.

Mr. Justice Holland not participating.