Mr. Chief Justice Sutton
delivered the opinion of the Court.
This writ of error is directed to a judgment entered against claimant, Frank A. Hirschfeld, by the district court whereby it affirmed an Order of the Industrial Commission which denied him compensation for a back injury due to an alleged accident. The Commission in turn had affirmed the holding of the referee which had denied benefits to claimant following the initial hearing in the case.
The referee’s Order reads in pertinent part:
“The Referee, having reviewed the file and the testimony, makes the following findings of fact:
“The claimant alleges that he was injured while on the job on approximately May 14, 1964. He stated that while lifting a box, he felt a pain in his lower back and left leg. He further stated that he felt this coming on over a period of several days and that on the 14th of May, 1964, it became so severe that he was unable to stand erect.
“In view of the above, the Referee finds that the claimant has failed to establish that he sustained an accident arising out of and within the course of his occupation as now defined by the Workmen’s Compensation Act.
“IT IS, THEREFORE, ORDERED: That the claimant’s claim for compensation and medical benefits be, and the same hereby is, dismissed and denied.”
The foregoing is not an evidentiary finding; it is a mere summary of the claimant’s position.
The record discloses, without dispute, that the claimant, an employee of some eleven years with the I.M.L. Freight Lines, Inc., was engaged in his customary work on May 14, 1964, of picking up and delivering cargo. It appears that for from one to two years he had had *352 some back pains and that late in the day on May 14th, while at work, he found he was unable to stand up straight and had back and leg pains. Later medical diagnosis was that he had a herniated disc.
Claimant contends, and defendants in error deny, that the “finding” of the referee recites facts which entitle him to an award. Defendants in error assert that there is conflicting evidence in the record as to whether there was in fact an accident and that under well established rules we must therefore affirm. E.g., Vanadium Corp. of America v. Sargent, 134 Colo. 555, 307 P.2d 454 (1957).
The evidence referred to by the defendants in error is that in claimant’s Notice of Injury he stated that his difficulty came on gradually and “The exact cause and time of injury is (sic) not known.” Also he told Dr. E. H. Fralick that he could not recall any specific incident that injured his back on May 14th; further, that his back had been hurting for at least two years before May 14th. Dr Fralick diagnosed the difficulty as a typical result of a degenerative disc.
At the hearing before the referee, claimant testified to a specific box lifting incident on May 14th, in an attempt to pinpoint a definite time and place of the purported accident. Cf. Gates v. Central City Opera, 107 Colo. 93, 108 P.2d 880 (1940). This is where defendants in error urge that a conflict occurs in the evidence because of claimant’s prior statements referred to above.
 It was incumbent on the referee and the Commission to make proper findings which both failed to do. As we have previously said in United States Fidelity and Guaranty Co., et al. v. Industrial Commission, et al., 128 Colo. 68, 259 P.2d 869 (1953), quoting from Metros v. Denver Coney Island, et al., 110 Colo. 40, 45, 129 P.2d 911 (1942):
“ * * If the testimony is conflicting the commission’s duty is to resolve that conflict, determine what is true and what is false, and announce the fact in accordance with its findings. * *
*353 The judgment is reversed with directions to remand the case to the Industrial Commission to make new and proper findings and to enter its Order based upon the entire evidence and the law applicable thereto.