LEAHY ET AL. V. DUNLAP.

1. It is not the duty of a court to see that litigants in civil cases are supplied with attorneys in every stage of the proceeding.
2. It is within the discretion of a court to delay proceedings in a cause, when, without the fault of a party therein, an attorney unexpectedly withdraws from the case to the injury of his client; but the discretion of the court, either exercised or in refusing to act therein, is not ground for error.
3. When the plaintiff below expressly waived a trial by jury, the defendant failing to appear, *held,* that a trial by the court was proper under section 184 of the code.
4. Under section 75 of the code, the party aggrieved may have relief upon application to the court below or the judge, within five months after adjournment of the term, from a judgment taken against him through mistake, inadvertence, surprise or excusable neglect.

*Error to District Court of Park County.*

THE facts are sufficiently stated in the opinion.

Messrs. WELLS, SMITH and MACON, for plaintiffs in error.

Mr. CHARLES S. WILSON, for defendant in error.

Stone, J. Two grounds are relied upon for the reversal of the judgment in this case.

First. That the court allowed "the attorney of defendants" below to withdraw from the case, and proceeded to trial and judgment without notice to the clients of said attorney that their attorney had withdrawn, and without "admonishing said attorney of his duty."

We have never understood it to be the legal duty of a court in civil cases to see that the litigants were supplied with attorneys in every stage of the proceedings, and to be held responsible for an omission of such duty.

Undoubtedly it is within the discretion of a court to delay proceedings in a cause, when, without the fault of a party therein, an attorney unexpectedly withdraws from the case to the injury of his client; but the discretion of the court, either exercised or in refusing to act therein, is not ground for error.

The argument of counsel in this court proceeds upon the assumption that the attorney complained of was the sole attorney of plaintiffs in error in the court below, but the record shows that he was one of four attorneys who appeared therein for plaintiffs in error.

The second ground of error assigned is, that the case was tried to the court, and that inasmuch as it involved issues of fact, the plaintiffs in error were entitled to a trial by jury; the record shows that the defendants below — the plaintiffs in error here — failed to appear at the trial, and that the plaintiff below expressly waived a trial by jury, and thereupon the trial was had by the court. Such proceeding is specifically provided for by section 184 of the code, in the following language: "Trial by jury may be waived by the several parties to an issue of fact, in actions arising on contract, and with the assent of the court in other actions, in the manner following: First, by failing to appear at the trial; second, by written consent, in person, or by attorney filed with the clerk; third, by oral consent in open court entered in the

minutes. The court may prescribe by rule what shall be deemed a waiver in other cases."

There is a mistake in the punctuation of this section as printed in the code, and we have given in the foregoing quotation the punctuation of the original act, as set out by an exemplified copy filed by counsel for defendant in error.

Counsel for plaintiffs in error submit the rather remarkable proposition, that the right of trial by jury, being a constitutional right (see sec. 23, Bill of Rights, Constitution of Colorado, art. XI), cannot be dispensed with. It is scarcely necessary for us to even announce what we have understood to be a doctrine so well settled and familiar to the profession, that in civil proceedings a party may waive a right which exists solely for his own benefit. And this, too, whether the right is given either by statute or by the constitution. Sedgwick on Statutory and Constitutional Law, 88.

Besides, if, under any of the alleged errors herein complained of, the plaintiffs in error were entitled to any relief, an ample remedy was afforded under section 75 of the code, upon application by the party aggrieved to the court below, or the judge thereof, within five months after the adjournment of the term, for relief "from a judgment, order, or other proceeding, taken against him through mistake, inadvertence or surprise, or excusable neglect;" and in this case the court, upon its own motion, as the record before us discloses, ordered a stay of the judgment rendered for thirty days from the date of rendition, "to give the defendants an opportunity of moving to set aside the judgment if they see fit to do so."

There is, therefore, no error disclosed by the record, but it affirmatively appears that the plaintiffs in error have no good cause of complaint upon any of the grounds stated.

*Affirmed.*