[No. 2349.]

THE CERUSSITE MINING COMPANY v. ANDERSON ET AL.

1. **Pleading—Practice—Motion to Make More Certain.**

A motion to make a complaint more specific does not present an issue of law. Such motion may be disposed of by stipulation of parties without an order of court ruling thereon.

2. **Practice—Setting Cause for Trial—Notice—Waiver.**

Where defendant's counsel were present at the time a cause was set for trial and made no objection to the setting of the case, all irregularities in the notice of such setting and the service thereof were waived.

3. **Practice—Jury—Waiver—Failure to Appear.**

By failing to appear at the time a cause is set for trial, a party waives his right of trial by jury.

4. **Appellate Practice—Bills of Exception—Evidence.**

Objections to a judgment predicated on the evidence will not be considered by the appellate court where no evidence is preserved in the bill of exceptions.

*Appeal from the County Court of Fremont County.*

Mr. SAMUEL H. BAKER, for appellant.

Mr. SAMUEL P. DALE, for appellees.

MAXWELL, J.

The complaint stated three good causes of action against defendant, in three counts, upon a past-due promissory note, and two dishonored bank checks, and demanded judgment for $830.62 and interest.

The answer admitted the execution and delivery of the note and bank checks; attempted to aver duress in the execution and delivery of the same; averred payment of a large part of the sums claimed to be

due; on information and belief averred that plaintiffs were not the owners of the note and checks sued on, and averred willingness to pay whatever sum should be found due.

A replication put in issue the affirmative defenses of the answer; admitted payment, since the commencement of the suit, of a large part of the money sued for; admitted that the note and one of the checks had been paid and delivered to the defendant, and averred that, at the time of such payment, no question of duress or ownership of the note or bank checks was raised by the appellant.

Trial by the court, the defendant not appearing, and judgment in favor of plaintiffs for $385.67, with costs, from which this appeal.

In apt time a motion was interposed to make the complaint more specific. Subsequently a stipulation was filed, signed by counsel for both parties, to the effect "that the motion of the defendant should be overruled," granting an extension of time within which the defendant should answer, and further stipulating that plaintiff should furnish an itemized account before the expiration of the time within which the answer was to be filed. Thereafter two stipulations, extending the time for answer, were filed, neither of which mentioned the itemized account. No order of court was made upon the stipulation overruling the motion to make more specific.

Appellant contends that the court was without jurisdiction or authority to proceed to trial and judgment, while there were motions and other interlocutory proceedings on file and undisposed of, and relies upon Mills' Ann. Code, sec. 174, and authorities there cited, in support of the above contention.

The above provision of the code is inapplicable, as shown by a simple reference thereto:

"Sec. 174. When there are issues both of law

and fact to the same complaint, the issues of law shall be first disposed of.''

''Sec. 171. An issue of law arises upon a demurrer to the complaint.''

A motion to make more specific does not present an issue of law. The parties, by signing the first stipulation, had disposed of the motion to make more specific, and the defendant certainly waived it by filing its answer.

Error is assigned upon the action of the court in setting the case for trial upon a notice served by one of the plaintiffs. No objection is made to the form of the notice, or the time thereof, but solely upon the ground that the same was served and proof of service made by one of the plaintiffs. The transcript of record shows that, upon the day noticed for setting the case for trial, ''said defendant comes, by Waldo and Dawson, attorneys, * * * and it appearing to the court that said notice of trial had been regularly served upon said defendant,'' the cause was set for trial. No objection was made to the setting of the case, and the same having been set for trial in the presence of defendant's counsel, all irregularities in the notice or service thereof were thereby waived.

As heretofore stated, the cause was tried by the court, the plaintiff waiving a jury, in the absence of defendant and its counsel, and appellant contends ''that the trial order in this case was without authority of law, and that the judgment was illegal and must be reversed.''

''When a cause is regularly reached upon the calendar, either party may bring the issue to a trial or to a hearing, and, in the absence of the adverse party, unless the court for good cause otherwise direct, the party appearing may proceed with his case, and take a finding, verdict or judgment, or dis-

missal of the action, as the case may require.''—Mills'·
Ann. Code, sec. 176.

Appellant contends that it was entitled to a trial
by jury, and that failure to grant such trial was error.

Mills' Ann. Code, sec. 178, disposes of this con-
tention:

''Trial by jury may be waived by the several
parties to an issue of fact, with the assent of the
court, in the following manner:

''First—By failing to appear at the trial,'' etc.—
*Leahy v. Dunlap,* 6 Colo. 552, 554.

Appellant also contends that, under the law and
the evidence, judgment should have been for the
defendant.

We have disposed of the questions of law pre-
sented, and may dispose of this contention by the
statement that no evidence is preserved in the bill
of exceptions, and no question predicated thereon
can be considered.

There being no error in the record, the judgment
will be affirmed.   —————   *Affirmed.*