## No. 15,114.

METROS *v.* DENVER CONEY ISLAND ET AL.
(129 P. [2d] 911)

Decided September 28, 1942.

Mr. CLARENCE W. BUTTON, for plaintiff in error.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAW-RENCE HINKLEY, Deputy, Mr. HENRY L. STARK, Assistant, Mr. E. V. HOLLAND, for defendants in error.

*En Banc.*

MR. CHIEF JUSTICE YOUNG delivered the opinion of the court.

IN this proceeding claim was made for compensation for disability caused by a hernia which it is alleged resulted from an industrial accident under such circumstances as to warrant an award in favor of claimant under the provisions of section 359, chapter 97, '35 C.S.A., which is amended section 80 of the original Workmen's Compensation Act. After formal hearing a referee of the Industrial Commission denied the claim, and on petition for review his findings and order were approved, affirmed and adopted by the commission. In an appropriate action the district court entered judgment upholding the action of the commission and claimant brings the case here seeking a reversal of that judgment.

The findings and order of the referee as approved by the commission are as follows:

1. "That claimant was employed by the respondent as a dish washer and cook. It was conceded by the respondents that they were doing business as Denver Coney Island and employed more than four persons and were subject to the Workmen's Compensation Act of Colorado, but were not insured thereunder.

2. "The claimant alleged that on September 19, 1940, while employed as above stated, he sustained a left inguinal hernia as a result of an accident arising out of and in the course of his employment, which resulted

in his leaving his work on October 22, 1940, and which has since disabled him. Claimant has stated that he would accept surgery for the repair of his hernia, if ordered.

3. "From the evidence, it appears that on September 19, 1940, the claimant in the course of his duties, found it necessary to take some soap from a can which was located under the dish washing sink, and which, when filled, weighed approximately fifty pounds. The evidence is conflicting as to the necessity for removing the can in order to remove soap therefrom and there is no witness to the occasion which the claimant alleges was an accident within the meaning of the Workmen's Compensation Act.

4. "From the claimant's own testimony, however, it appears that he did not slip, twist or fall in pushing the can of soap with his foot, as he alleges he did. He further testified that he felt pain in his inguinal region after pushing the can with his foot, and that for the remainder of that day and thereafter, has been troubled by pain occasioned by the hernia which he has.

5. "Claimant's average weekly wage was $17.50.

6. "Without making specific findings upon conflicting evidence with reference to claimant's reporting his accident to his employer and with reference to the pre-existence of his hernia, the Referee does find that if the occasion occurred as the claimant has testified, it would not constitute a compensable accident within the meaning of the Workmen's Compensation Act of Colorado, and particularly section 80 thereof. The Referee further finds, therefore, that the claimant has failed to sustain the burden of proving that he suffered an accident arising out of and in the course of his employment and that his claim for compensation and medical benefits should be denied.

"*It is, therefore, ordered:* That this claim for compensation and medical benefits be, and the same is hereby denied."

For convenient reference, we have numbered the paragraphs of the findings.

These findings do not comply with the applicable portions of the Workmen's Compensation Act. Section 15, Session Laws of 1919, being section 294, chapter 97, '35 C.S.A., is as follows:

"The right to the compensation provided for in this article, in lieu of any other liability whatsoever, to any and all persons whomsoever, for any personal injury accidentally sustained or death resulting therefrom, on and after August 1, 1915, shall obtain in all cases where the following conditions occur:

"(a) Where, at the time of the accident, both employer and employee are subject to the provisions of this article; and where the employer has complied with the provisions thereof regarding insurance.

"(b) Where, at the time of the accident, the employee is performing service arising out of and in the course of his employment.

"(c) Where the injury or death is proximately caused by accident arising out of and in the course of his employment, and is not intentionally self-inflicted."

Amended section 80, supra (section 359, chapter 97, '35 C.S.A.), is as follows: "An employee in order to be entitled to compensation for hernia must clearly prove: first, that its appearance was accompanied by pain; second, that it was immediately preceded by some accidental strain suffered in the course of the employment. If an employee, after establishing his right to compensation for hernia as above provided, elects to be and is operated upon therefor within a reasonable time as fixed by the commission, he shall be entitled to medical, surgical, nursing and hospital treatment and supplies and apparatus as in this article provided irrespective of the time limit therefor fixed. In case the employee does not elect to be so operated upon and the hernia becomes strangulated after the date fixed by the commission for said

operation the results from said strangulation will not be compensated."

The foregoing paragraphs (a), (b) and (c) of section 294, by necessary implication, impose on the commission the obligation of finding the evidentiary and ultimate facts necessary to a determination of a case falling within the act; the first-quoted section applies to any case, and the second, amended section 80, together with the first, applies to a case where the injury involves a hernia. We have announced, too often to require citation of authorities, that the district court in workmen's compensation cases, and this court on review, are bound by the *findings of fact of the commission which are supported by evidence.* Unless the commission first finds the evidentiary and ultimate facts, it is futile for the reviewing court to examine the record, for it cannot sit as a fact-finding body to ascertain facts from the testimony in the first instance, and it cannot on review determine whether the testimony is sufficient to establish *facts that have not been found by the commission.*

The first requirement (a) of section 294 supra, is that the commission find whether the employer and employee are subject to the provisions of the act. Paragraph 1 of the commission's findings and award comply with this requirement. The fact of the employer-employee relationship is found and it is further found that the employer concedes the other facts necessary to bring the parties within the provisions of the act.

The second requirement (b) of the section, by necessary implication, is that the commission find from the evidence how claimant was engaged and what happened to him at the time and place he sustained the alleged accidental injury. These are the evidentiary facts to be determined on the hearing and when the commission finds them it should then find the ultimate fact, namely, whether at that time and place, the employee was per-

forming services arising out of and in the course of his employment.

Referring now to the findings, paragraph 2 thereof merely sets forth claimant's allegations which, so far as we know, or are empowered to determine, may or may not be true. The finding that claimant would accept surgery is important only if he is entitled to compensation. Paragraph 3 contains a finding that it was necessary for claimant, in the course of his duties to take some soap from a can which when filled contained approximately fifty pounds. From the findings we cannot say whether the can contained five or fifty pounds of soap. The language of the paragraph then conveys the information that the evidence is conflicting as to the necessity of removing the can to obtain soap from it and that there is no witness to the "occasion" which the claimant alleges was an accident within the meaning of the Workmen's Compensation Act. Again, we say it is the commission's function to find facts. If the testimony is conflicting the commission's duty is to resolve that conflict, determine what is true and what is false, and announce the fact in accordance with its findings. That there was no witness other than claimant is of no moment. His testimony is competent, and having received it the commsiion should determine the facts based thereon, together with all other evidence in the case.

 The third requirement (c) of section 294 is that the commission find whether the injury was proximately caused by accident arising out of and in the course of the employment and whether intentionally self-inflicted. It is here that section 359, supra, becomes applicable. If the injury for which compensation is sought is a hernia, then to constitute it a *compensable* accidental injury, two facts must be clearly established, namely, "first, that its appearance was accompained by pain; second, that it was immediately preceded by some accidental strain suffered in the course of the employment." If

these two facts must be clearly proved to authorize an award of compensation, then to determine the case before it the commission should find such facts, or their absence, from the evidence—that the hernia did or did not appear; that it was or was not accompanied by pain, and that it was or was not immediately preceded by an accidental strain. These are the ultimate facts the statute requires to be determined before a hernia may be found to be, under paragraph (c) of section 294, supra, an injury proximately caused by accident arising out of and in the course of the employment. Any facts which are merely evidentiary, but necessary to a determination of these ultimate facts, such as the act upon which claimant relies as constituting the strain, and the circumstances under which it occurred, likewise should be found by the commission as the statutory fact finding body.

An award of compensation should follow a finding of all of the essential facts required by the statute to make a hernia a compensable injury. An award denying compensation should follow a finding of the absence of one or more of such essential facts. It is not a finding of the required facts, for the commission to say "that if the *occasion occurred* as the claimant has testified, it would not constitute a compensable accident." This is in effect but a demurrer by the commission to claimant's evidence, and is not authorized by the compensation act. Neither is it any part of the commission's function to find that claimant has not sustained the burden of proof of any or all of the essential elements that he must establish to entitle him to compensation. If the commission is of the opinion, after weighing the evidence, that it does prove any element of claimant's case, it should find that element *as a fact,* and similarly, if of the opinion that claimant has failed to prove any element of his case it should find that element *not to be a fact.* Only when proper findings are made is it possible for a reviewing court to carry out its duty under the

Workmen's Compensation Act, which is to determine whether the findings of the commission as to the existence or nonexistence of the essential facts are or are not supported by the evidence.

The judgment is reversed and the cause remanded with directions to the district court to transmit the case to the commission for findings in accordance with the requirements of the statute as outlined in this opinion, and then to report its action to the district court as required by section 381, chapter 97, '35 C.S.A.

MR. JUSTICE BAKKE and MR. JUSTICE BURKE not participating.