No. 21644.

ALVIN H. WATKINS, INC., ET AL. *v.*
EDMON HAMILTON, ET AL.
(411 P.2d 15)

Decided February 14, 1966.

ALIOUS ROCKETT, FRANCIS L. BURY, FEAY BURTON SMITH, JR., RICHARD T. GOOLD, for plaintiffs in error Alvin H. Watkins, Inc., and State Compensation Insurance Fund.

FRANCIS R. SALAZAR, for defendant in error Edmon Hamilton.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, PETER L. DYE, for defendant in error Industrial Commission of Colorado.

*In Department.*

Opinion by MR. JUSTICE DAY.

WE will refer to plaintiffs in error as Employer and the Fund and to defendants in error as the Claimant and the Commission.

The Fund, on behalf of the Employer, had previously admitted liability to the Claimant on workmen's compensation based on permanent partial disability to the

extent of 5% as a working unit on account of a back injury. Claimant had been offered and had accepted corrective surgery known as a laminectomy, and the extent of the disability was determined following the operation.

Thereafter, the Claimant petitioned the Commission to reopen his case because of a "change in condition." One of the Commission referees conducted a hearing on the question of the worsening of Claimant's condition, and the record disclosed a considerable medical dispute as to the extent of the Claimant's disability.

A physician testifying on behalf of the Claimant reported that in his opinion Claimant's condition had deteriorated to a point where he had a 15% disability as a working unit, half of which could be attributed to additional disability in the back and the other half to traumatic neurosis — all traceable to the original accident. A physician called on behalf of the Fund and Employer rated Claimant as considerably more disabled, i.e., 30%, but stated that 7½% he attributed to the back condition and related to the accident, but the balance, he claimed, was caused by possible myasthenia gravis or muscular dystrophy and sclerosis. He stated that he could not give a professional opinion on the cause of the last mentioned disability with any degree of certainty. Another physician testified that he could not find that the Claimant was suffering from or disabled by traumatic neurosis.

On the record thus made the referee made the following findings and order:

"The Referee finds from the evidence that by spring of 1963 and prior to claimant's 53rd birthday his condition had deteriorated since the previous Special Admission of Liability filed by the respondent in this matter on April 14, 1960 admitting that claimant was permanently partially disabled to the extent of 5% as a working unit. Claimant by the spring of 1963 was 15% disabled as a working unit, or 10% more so than at the

time of the above-mentioned Special Admission of Liability \* \* \*"

On petition for review of the referee's order no further or different findings were made by the referee, and the Commission made its findings of fact and award as follows:

"That the Referee's Supplemental Order of September 17, 1963 is correct and should be approved, affirmed, and adopted as the Order of the Commission herein."

On petition for review the Commission entered an identical order and referred to its previous "findings."

The Employer and the Fund are here on writ of error directed to a judgment of the district court affirming the award of the Commission.

The sole ground for reversal is that the findings of the referee do not comply with the mandate of C.R.S. 1963, 81-14-6, nor do the findings of the Commission follow guide lines enunciated by decisions of this court. We agree with the argument set forth by the Employer and the Fund.

In C.R.S. 1963, 81-14-6, is the provision that upon petition for review the refree may do one of several things but "\* \* \* In any event, if he has not already done so, *the referee shall,* following a petition to review his order, *make findings of fact* which shall *include all evidentiary and ultimate facts* necessary to support his order. \* \* \*" (Emphasis supplied.)

As to the duty of the Commission to make findings of fact, this court said in *Metros v. Denver Coney Island,* 110 Colo. 40, 129 P.2d 911:

"\* \* \* Unless the commission first finds the evidentiary and ultimate facts, it is futile for the reviewing court to examine the record, for it cannot sit as a fact-finding body to ascertain facts from the testimony in the first instance, and it cannot on review determine whether the testimony is sufficient to establish *facts that have not been found by the commission.*"

"\* \* \* If the commission is of the opinion, after weigh-

ing, the evidence, that it does prove any element of claimant's case, it should find that element *as a fact*, and similarly, if of the opinion that claimant has failed to prove any element of his case it should find that element *not to be a fact.* \* \* \*"

■ Subsequently, in *United States Fidelity and Guaranty Company v. Industrial Commission*, 128 Colo. 68, 259 P.2d 869, quoting from the *Metros* case this court held:

" 'If the testimony is conflicting the commission's duty is to resolve that conflict, determine what is true and what is false, and announce the fact in accordance with its findings. \* \* \*' "

In addition the court said, in disapproving several opinions insofar as they purport to support findings of fact in general terms, that:

"\* \* \* we establish the rule announced in *Metros v. Denver Coney Island, supra,* for the future guidance of the Industrial Commission."

■ The deficiencies in the findings of the referee and the Commission are glaring. With evidence in the record that claimant was partially disabled by disease, there is no finding to enable anyone to determine what the referee had in mind as to the cause of the increased disability. There is no finding whether the 15% disability was attributed entirely to the back condition, entirely to traumatic neurosis, or to a combination of the two. This is important in view of the dispute as to whether the claimant is suffering from traumatic neurosis.

The evidentiary findings required in a case of this kind are particularly important because of the possibility that the claimant may again seek to reopen his case on a subsequent claim of "change in condition." Normally, the issue in any hearing on such changed condition is what portion of claimant's condition has been compensated for, and which of the conditions found

to be the cause of his disability, if any, have become worse.

The judgment is reversed and the cause remanded to the trial court with directions to remand to the Commission for the entry of appropriate findings consistent with the views herein expressed.

MR. JUSTICE MOORE and MR. JUSTICE PRINGLE concur.