## No. 23712.

INDUSTRIAL COMMISSION OF COLORADO AND PIONEER CON-
STRUCTION COMPANY *v.* WILLIAM H. SHEARD
AND LYLE ROBERTS.
(459 P.2d 127)

Decided September 29, 1969.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Peter L. Dye, Assistant, for plaintiff in error Industrial Commission of Colorado.

Kettelkamp and Vento, Donald G. Drummond, for defendants in error.

*En Banc.*

Mr. Justice Groves delivered the opinion of the Court.

The defendants in error (referred to as plaintiffs) filed a complaint before the Industrial Commission of Colorado (called the Commission) stating that the proceeding was brought by reason of violations of C.R.S.

1963, 80-4-6 (unfair labor practice under the Labor Peace Act) and C.R.S. 1963, 80-1-11 (failure to provide a safe place to work under Article I of the Industrial Commission Act). The complaint set forth facts indicating that the plaintiffs had been wrongfully discharged by their employer, Pioneer Construction Company (referred to as Pioneer).

The plaintiffs were employed by Pioneer as carpenters and were engaged in stripping the forms from the bottom side of new concrete bridges. They regarded the work as hazardous because of the absence of scaffolding and complained to a union representative about the matter. As a result an inspector of the Commission visited one of the job sites and ordered scaffolding to be installed. The plaintiffs were discharged immediately without explanation and Pioneer requested the union to furnish new carpenters. At the hearing before the Commission there was testimony that plaintiffs were good employees and qualified carpenters and other testimony that they were not competent carpenters and had been discharged by reason of incompetency. There was ample evidence to have sustained a finding by the referee that the plaintiffs had been wrongfully discharged in violation of a union agreement and the Labor Peace Act. Perhaps a finding to the contrary, *i.e.*, they were discharged by reason of incompetency, would have been supported by the evidence. In contrast, the referee found that evidence supporting wrongful discharge was speculative and not probative, and he recommended that the complaint be dismissed.

On September 30, 1965, after a petition for review had been filed, the Commission entered an order approving and adopting the findings and recommendations of the referee, and ordered that the plaintiffs' complaint be dismissed. On November 19, 1965, 59 days following the entry of the Commission's order, the present attorneys for the plaintiffs, being other than the attorney who represented them in the Commission proceedings,

filed a petition in the district court praying that the court "extend the time in which the plaintiffs can file a complaint [for review] for 30 additional days to and including November 20, 1965." The provisions of the body of this petition were as follows:

"1. That the plaintiffs are not men of the law and do not fully understand the various statutes of the State of Colorado.

"2. That their only copy of the Order of the Industrial Commission was sent to them by their attorney ... of Denver, Colorado. That this was sent to them by the said attorney on September 20, 1965.

"That in the attorney's letter to the plaintiffs, the attorney stated that there was 60 days in which to file for review.

"That while there may be 60 days within which to file a review by filing a complaint, it may in fact only be 30 days.

"3. That the plaintiff therefor request from this Court an extention (sic) of time from October 20, 1965, until November 20, 1965, to file a complaint herein."

On the same day the complaint for review was filed in which it was alleged that the findings of the Commission were not supported by the evidence and prayed only that the Commission's order be set aside and that the plaintiffs be awarded damages for wrongful discharge under the Labor Peace Act.

The Labor Peace Act provides that district court review of orders of the Commission made thereunder must be sought within 30 days. C.R.S. 1963, 80-4-8(8). This section of the Act also provides:

"If the court is satisfied that a party in interest has been prejudiced because of exceptional delay in the receipt of a copy of order of the Commission, it may extend the time another thirty days in which such action may be commenced."

On hearing counsel for the Commission called the court's attention to the failure to seek review within 30

days. In its findings of fact and judgment the court stated that the referee had made no specific findings of fact and "Since this was not done and where the findings of fact are insufficient, the evidence given before the referee may be treated by the Court as findings of fact and considered accordingly, Industrial Commission v. DiNardi, 103 Colo. 591." The court then made its own findings and conclusions to the effect that Pioneer had committed an unfair labor practice and that it was liable in damages to the plaintiffs. It ordered that judgment be entered in favor of plaintiff Sheard for $2,014.40 and in favor of plaintiff Roberts in the amount of $1,018.24, being the exact amounts prayed in the complaint for review. The Commission has brought the matter here on writ of error.

We think the Commission had a duty to decide the case on the merits (*Watkins v. Hamilton*, 159 Colo. 257, 411 P.2d 15) and that the court erred in making its own findings, this not being a matter in which the testimony was short and undisputed. *Bennett Properties Co. v. Industrial Commission*, 165 Colo. 135, 437 P.2d 548; *Winteroth v. Industrial Commission*, 93 Colo. 38, 22 P.2d 865. However, our disposition of the matter is predicated on the fact that by failing to seek review within 30 days the plaintiffs lost their right of appeal. In workmen's compensation cases we have held that the failure to seek review within the time provided by statute is fatal. *Industrial Commission v. Cutshall*, 164 Colo. 240, 433 P.2d 765 and cases therein cited. We can see no distinction in the application of this rule under the Labor Peace Act and are convinced that we must follow the authority of the opinions under Workmen's Compensation Act.

It has been argued that, since a citation to Article I of the Industrial Commission Act was contained in the complaint filed with the Industrial Commission, the 60-day provision for review in that Act is applicable. C.R.S. 1963, 80-1-38. However, this matter was clearly

and solely under the Labor Peace Act. There are no provisions under Article I of the Industrial Commission Act under which the plaintiffs could obtain damages from Pioneer. As shown by the complaint for review a judgment for damages against Pioneer was all that was sought. Therefore, the complaint for review had to be filed within 30 days under the provisions of the Labor Peace Act unless the time were extended by reason of prejudice "because of exceptional delay in the receipt of a copy of order of the commission." Plaintiffs' attorney in proceedings before the Commission sent the Commission's order to the plaintiffs on the same day it was entered. While it is unfortunate that he misadvised them that they had 60 days within which to seek review, this is not a ground for extension under the statutory provision. Neither is the court's finding that it would be fair, equitable and just to allow the plaintiffs an additional 30 days.

It is not a pleasant task to enforce the provisions of the statute as we wish that these plaintiffs might have had their day in court. Had the author of this opinion been sitting as the referee, quite probably he would have found the more convincing evidence to support a conclusion that they were wrongfully discharged. Nevertheless, since they did not seek review within the time provided by statute the Industrial Commission's order must stand.

Judgment reversed and cause remanded with directions to dismiss the complaint for review (which was denominated an amended complaint).

MR. JUSTICE LEE not participating.