481 P.2d 424 (1971)
Lincoln P. TAGUE, Petitioner,
v.
COORS PORCELAIN COMPANY and the Industrial Commission of the State of Colorado (Ex-Officio Unemployment Compensation Commission of Colorado), Respondents.
No. 70-586.
Colorado Court of Appeals, Div. I.
February 16, 1971.
Rodden, Cooper, Woods & Mitchell, Frederick S. Tenderich, Denver, for petitioner.
Duke W. Dunbar, Atty. Gen., John P. Moore, Deputy Atty. Gen., Robert L. Harris, Asst. Atty. Gen., for respondents.
Selected for Official Publication.
*425 DWYER, Judge.
This is an unemployment compensation case. Claimant, Lincoln Tague, filed a claim for unemployment compensation after he was discharged by his employer, the respondent Coors Porcelain Company. His claim was heard by a referee of the Colorado Department of Labor, and the referee granted a full award of benefits to claimant. Upon review by the Commission, the referee's decision was reversed and a final decision of no award of benefits was entered. The claimant filed this petition to review and reverse this decision of the Commission.
Claimant was first employed by Coors as a draftsman in 1963. He had progressed to the highest range possible in his job classification when, in 1968, he suffered a nervous breakdown. He was confined in a hospital from May 22, 1968, until June 12, 1968. He returned to work, but suffered a relapse and was then hospitalized from September 13, 1968, until October 24, 1968. An examination of claimant by a specialist in neurology and psychiatry established that claimant was suffering from an acute emotional illness. After returning to work, claimant began making errors. His performance on the job deteriorated, and on December 10, 1969, he was terminated because of his employer's dissatisfaction with his work performance. Claimant's doctor testified that, in his opinion, claimant was actually mentally unable to perform the work, and claimant testified that he was doing all he could to keep the job.
The referee, in his decision, found that "The claimant's unsatisfactory work was the result of being mentally unable to perform the work, rather than negligence on his part." The referee concluded that claimant was entitled to a full award of benefits under 1965 Perm.Supp., C.R.S. 1963, 82-4-8(4), which provides:
"(a) Full award upon becoming separated from employment under the following conditions:
* * * * * *
"(k) Being physically or mentally unable to perform the work * * *."
The employer appealed the referee's decision to the Industrial Commission. After reviewing the record, the Commission entered its order reversing the decision of the referee. The Commission made the following findings and order:
* * * * * *
"That the Referee erred in finding that the claimant's benefit rights were determined under Section 82-4-8(4) (k) of the law and that he was, therefore, entitled to a Full Award of benefits;
"That the facts presented to the Referee do clearly establish that this claimant was discharged from employment under conditions covered by Section 82-4-8(6) (xviii) of the law and that he is, therefore, entitled to No Award of Benefits;
"IT IS THEREFORE CONSIDERED, ORDERED, ADJUDGED AND DECREED: That the Decision of the Referee granting a Full Award of Benefits under Section 82-4-8(4) (k) of the law is reversed and that the claimant is granted No Award of Benefits in accordance with the provisions of Section 82-4-8(6) (xviii), Colorado Revised Statutes 1963, as amended."
* * * * * *
Claimant filed a petition for review. The Commission denied the petition, but stated that it had made an error in the citation of the section of the statute and corrected its previous decision and found "that under Section 82-4-8(6) (b) (xvii)," claimant was entitled to no award of benefits.
The section cited by the Commission provides:
"(a) * * * no award of benefits shall be granted to a claimant who is unemployed as a result of any of the following conditions, * * *.
"(b) (xvii) Careless or shoddy work. In determining whether or not work has been performed in a careless or shoddy manner, the department shall consider *426 the length of time the worker has been performing the work satisfactorily, and no work shall be considered careless or shoddy that comes within the areas of reasonable mistakes and errors normally made by workers engaging in the same or similar work."
The referee's conclusion that claimant was entitled to a full award of benefits under 1965 Perm.Supp., C.R.S.1963, 82-4-8(4) is supported by his finding of ultimate fact that "claimant's unsatisfactory work was the result of being mentally unable to perform the work, rather than negligence on his part." This finding of ultimate fact is supported by the referee's evidentiary findings.
The Commission's final decision which reversed the referee's decision states that the referee was in error in awarding claimant full benefits under one section of the statute when, in the Commission's opinion, claimant was entitled to no award of benefits under a different section of the statute. The Commission's decision states only this conclusion of law, and the Commission failed to make findings of evidentiary or ultimate facts upon which it based this conclusion.
In proceedings to review an award of a referee, the Commission is required by statute, 1969 Perm.Supp., C.R.S.1963, 81-14-6(2), to make findings of fact and to enter its award thereon. Our Supreme Court has held that the Commission is required to find both the evidentiary and the ultimate facts. Evidentiary facts are those facts which are necessary for determination of the ultimate facts. Ultimate facts are the substance of the conclusions from the evidence. Unless the Commission first finds the evidentiary and ultimate facts, the court cannot consider the case on review. Womack v. Industrial Commission, Colo., 451 P.2d 761. See also, Alvin H. Watkins, Inc. v. Hamilton, 159 Colo. 257, 411 P.2d 15; and Weaver v. Industrial Commission, 69 Colo. 507, 194 P. 941.
The Commission did not make specific evidentiary findings and did not make a finding that claimant "was unemployed because of careless or shoddy work." The absence of such findings in the Commission's final decision requires a remand of the case.
The order of the Commission is set aside and the cause remanded to the Commission with directions to make findings of fact and to enter its award thereon.
COYTE and ENOCH, JJ., concur.