566 P.2d 367 (1977)
Richard J. ROSS, Petitioner,
v.
The INDUSTRIAL COMMISSION of the State of Colorado (Ex-Officio Unemployment Compensation Commission of Colorado), and Boulder Valley Poultry Farms, Inc., Respondents.
No. 76-457.
Colorado Court of Appeals, Div. II.
April 7, 1977.
Rehearing Denied April 28, 1977.
*368 William Redak, Jr., Boulder, for petitioner.
J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Asst. Sol. Gen., John Kezer, Asst. Atty. Gen., Denver, for respondents.
PIERCE, Judge.
Petitioner seeks review of an order of the Industrial Commission disqualifying him from receipt of unemployment compensation benefits. The Commission's denial of benefits was premised on the conclusion that petitioner had refused a suitable rehire offer made by a former employer. Petitioner questions the sufficiency of the findings upon which the Commission's order was based. Since we agree with the petitioner that the findings are inadequate, we remand.
Petitioner had been previously employed with respondent employer, principally as a truck driver. After leaving this employ, and after termination from interim employment as a heavy equipment operator at a higher rate of pay, petitioner filed this claim for unemployment benefits. The employer offered to rehire petitioner at his original pay, but in a different capacity: as a worker in a poultry processing plant. This offer of rehire was refused by petitioner, principally because the wages offered were significantly less than what he had received in his interim employment.
*369 In concluding that petitioner had received a suitable rehire offer, the referee entered only one specific factual finding: that petitioner could not be rehired by the employer as a truck driver because of his driving record and its likely effect on the employer's insurance rates. This finding does not suffice.
The governing statutory provision is § 8-73-108(6)(x), C.R.S.1973, which provides that compensation be denied when a claimant refuses suitable work. The statute makes the suitability of proffered work dependent on a number of factors. No findings were entered as to any of these factors.
Although the finding regarding petitioner's driving record might be considered as relevant to petitioner's prospects for securing work in his customary occupation, this factor alone is insufficient. Moreover, that finding was directed only at whether this particular employer could rehire petitioner as a driver, and was not directed at the possible effect which his driving record might have regarding other potential employers. Since no findings were entered on the relevant statutory factors, this court is unable to ascertain the evidentiary and ultimate facts upon which the Commission based its conclusion. Wilson v. Industrial Commission, 30 Colo.App. 154, 490 P.2d 91 (1971). See also Womack v. Industrial Commission, 168 Colo. 364, 451 P.2d 761 (1969); Tague v. Coors Porcelain Co., 29 Colo.App. 226, 481 P.2d 424 (1971).
Petitioner asserts that there is no material conflict in the evidence, urging therefore that this court reach its own conclusion regarding the suitability of the rehire offer. See Industrial Commission v. Emerson Western Co., 149 Colo. 529, 369 P.2d 791 (1962). This procedure is precluded by the existence of conflicting evidence on a number of the relevant factors. Evidence of petitioner's poor driving record and expulsion from his union, and testimony as to the rate of pay encompassed in the rehire offer, require determination by the Commission before appellate review can occur. Metros v. Denver Coney Island, 110 Colo. 40, 129 P.2d 911 (1942). See also Tague v. Coors Porcelain Co., supra.
Petitioner asserts that the evidence regarding petitioner's driving record was irrelevant, and cannot be considered by the Commission in its determination of the suitability of the offered job. We do not agree. Petitioner's driving record is relevant regarding his prospects for securing appropriate employment.
Finally, petitioner asserts that the Commission erred in failing to determine whether the employer's personnel director engaged in the unlawful practice of law during the compensation proceedings. The employer's representative appeared as a witness, but also questioned witnesses and introduced evidence after being invited to do so by the referee. Petitioner's objection to this procedure was overruled. The referee indicated as his rationale the informal nature of the hearing. We rule that proceedings at an Industrial Commission hearing are sufficiently informal so as to permit the employer's representative to question witnesses and introduce evidence when invited to do so by a hearing officer. See San Isabel Electric Ass'n v. Bramer, 182 Colo. 15, 510 P.2d 438 (1973); Section 8-1-118, C.R.S.1973. Therefore, we find no error under these circumstances.
The boundaries of what constitutes the illegal practice of law have not yet been firmly drawn. See Denver Bar Association v. Public Utilities Commission, 154 Colo. 273, 391 P.2d 467 (1964). This determination is entrusted to the exclusive authority of the Colorado Supreme Court, and hence, it is to that court that the petitioner's objection should be addressed. Denver Bar Association v. Public Utilities Commission, supra.
Order set aside and cause remanded to the Commission with directions to make findings of fact and enter its award thereon.
SILVERSTEIN, C. J., and VanCISE, J., concur.