571 P.2d 741 (1977)
Claim of Leo ALLMENDINGER, Petitioner,
v.
The INDUSTRIAL COMMISSION of the State of Colorado (Ex-Officio Unemployment Compensation Commission of Colorado), and the City and County of Denver, Respondents.
No. 77-186.
Colorado Court of Appeals, Div. 2.
November 10, 1977.
Andrew H. Hitchcock, Richard A. Weiner, Denver, for petitioner.
J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Joel W. Cantirck, Asst. Atty. Gen., Denver, Max P. Zall, City Atty., Robert D. Dowler, Asst. City Atty., Denver, for respondents.
SMITH, Judge.
Leo Allmendinger seeks review of an Industrial Commission order reversing an earlier commission decision which had granted him unemployment benefits for a period of nineteen weeks. We affirm.
On April 13, 1976, Allmendinger was dismissed from his job as a carpenter for the *742 City and County of Denver because he had filled out a time card which indicated that he had worked eight hours on a day that he was in fact absent. The Department of Public Works in its letter of dismissal, cited Allmendinger's violations of Denver Career Service Rule 10-72, as authority for his dismissal. That rule, inter alia, provides:
(a) "Acts involving unsatisfactory performance include:
(9) [F]ailure to observe departmental regulations.
(14) Acts of conduct detrimental to the good of the service.
(b) Acts or conduct prejudicial to the public interest include:
(7) [F]alsification of records. . ."
The next day, April 14, 1976, Allmendinger filed an appeal with the Career Service Board for the City and County of Denver, challenging his dismissal. On April 26, 1976, while this appeal was pending, he filed a claim for unemployment benefits with the Colorado Division of Employment. One month laterthe appeal to the Career Service Board in Denver was still pendinga deputy of the division of employment disallowed unemployment benefits for the petitioner.
On July 15, 1976, the Denver Career Service Board decided after a full hearing, that the dismissal had been proper because Allmendinger had intentionally submitted a false time card. On July 30, however, a referee hearing the appeal of the original determination by the Colorado Division of Labor, reached a decision contrary to the findings of the career service board. The referee concluded that the defendant had nothing to gain by filling out a time card erroneously, and that therefore such an act could not have been deliberate.
Because of this conflict, the City of Denver sought review of the referee's decision by the Industrial Commission, but on December 1, the commission upheld the referee's findings. However, on a further petition for review this decision was reversed, and the commission reached a conclusion compatible with that of the Denver Career Service Board. In the resulting order issued February 17, 1977, it stated:
"The Industrial Commission has reviewed the entire file and finds that the claimant filled in the time card erroneously; that the erroneous entry was contrary to the employer's rules; that at the hearing before the Career Service Board it was found that the claimant had violated the Career Service Board rule; and therefore the claimant is basically responsible for his own separation from employment."
The commission accordingly ordered that Allmendinger be disqualified under § 8-73-108(6)(i), C.R.S.1973, from the receipt of unemployment benefits for the disputed nineteen week period.
On this review, petitioner claims that the commission, in reversing itself, displayed an arbitrary abuse of its discretion. He claims secondly that the findings of the commission, quoted above, do not support an application of the statute involved. Furthermore, he says that even if the findings would justify invoking the statute, the evidence here does not support them.

I
As to his first contention, petitioner relies solely on the fact that the Industrial Commission reversed itself within a short period of time, and did so without fresh evidence. This, he concludes, must perforce have been the product of arbitrariness. We disagree.
The statute under which the Industrial Commission operates provides for liberal review and reconsideration procedures. For example, § 8-74-104(2), C.R.S.1973, (1976 Cum.Supp.), provides that any party dissatisfied with an initial decision of the commission must petition for review in order to open eventual further appeal routes. To suggest that, on such review, the commission has no choice but to re-affirm its conclusion, would make such petition under the statute an empty gesture. See also §§ 8-74-104(1), and 8-74-105, C.R.S.1973 (1976 Cum.Supp.). We therefore reject Allmendinger's initial argument.

*743 II
Allmendinger claims that the findings of the commission were insufficient to permit meaningful review by this court. He points to an ambiguity in the findings of fact written by the commission and argues that, at the very least, the case should be remanded for specific findings compatible with the statute under which the commission disqualified the claimant from benefits.
The statute in question, § 8-73-108(6)(i), C.R.S.1977, provides that for a claim to be disallowed, there must be a "violation of. . . a company rule which resulted or could have resulted in serious damage to the employer's property or interests . .." This section is followed by examples of acts which rise to the level of "serious damage" one of them being the "intentional falsification of . . . records or reports." Allmendinger points to the fact that the commission did not specify serious damage or intent, but merely concluded that the petitioner, having "erroneously" filled in the time card in question, had been in violation of company rules.
We note first that the commission is not held to a crystalline standard when it articulates its findings of fact. Where the decision is justified, it may not be set aside "on the technicality of unclarity of expression on the part of the Commission. .." Montgomery Ward & Co. v. Industrial Commission, 128 Colo. 465, 263 P.2d 817 (1953).
On examining the record as a whole, see Montgomery Ward, supra, as well as the ultimate facts recited in the commission's supplemental award, see Tague v. Coors Porcelain Co., 29 Colo.App. 226, 481 P.2d 424 (1971), we conclude that the award is not facially insufficient vis-a-vis the disqualification statute. The company rule which the commission found to have been violated, Denver Career Service Rule 10-72(b)(7), is indicative of an official position that any falsification of records is prejudicial to the interests of the City of Denver, the petitioner's employer. The record thus amply supports the conclusion that the petitioner's acts were both intentional and prejudicial to the employer.

III
Petitioner next claims that the evidence does not support the findings of the commission. We disagree. Where substantial evidence permits the conclusion drawn by the commission, we will not disturb it on review. Wade v. Hurley, 33 Colo.App. 30, 515 P.2d 491 (1973).
According to the record, Mr. Allmendinger testified that he had legitimately taken one of his allotted "sick days" to tend to his ailing wife, and that on his return he had filled out the proper forms and had turned them in. He testified further that these forms were subsequently misplaced. None of this testimony is refuted. However, beyond this point, Mr. Allmendinger's testimony differs markedly from that of the other witnesses.
Allmendinger claims that several days after his stay at home, his supervisor told him that a time card was missing and for him to take care of it. On entering the bookkeeper's office, he said, he was handed a time card and was informed that he was missing the "24th of March." According to the petitioner, this date bore no special significance, and, assuming that it had been a regular work day, he filled out the card accordingly.
Petitioner's supervisor denies ever having mentioned anything about a missing time card, and the secretary, with whom Allmendinger ostensibly conversed in the office, refuted his entire account. The conflict in the evidence was left with the Industrial Commission, the sole judge of credibility here, Martin Marietta Corp. v. Faulk, 158 Colo. 441, 407 P.2d 348 (1965), and it chose ultimately to disbelieve Allmendinger's version of the facts. As this choice is supported by competent evidence, we cannot question it.
Taking another tack, petitioner says that the absence of bad motive evidenced by the record makes the commission's findings factually untenable. He says that he had nothing to gain through a falsification of a *744 time card, because his original absence had been carried on the books as a legitimate "sick day," for which he would have been paid regardless. The record permitted the commission to weigh this proposition as it saw fitalong with the contrary proposition that unused sick days are tantamount to money, and that this may have motivated the petitioner to falsify the time card.
In our view, then, the conclusion of the commission is not assailable.

IV
The City of Denver and petitioner Allmendinger have strenuously argued the merits of collateral estoppel as a means of resolving this entire case.
However, because we find that the Industrial Commission's February 17, 1977, ruling does not conflict in any way with the Denver Career Service Board's earlier ruling, and because there is sufficient independent evidence to support the Industrial Commission in its findings, we decline to consider any collateral estoppel implications arising from the earlier rulings.
Order affirmed.
ENOCH and STERNBERG, JJ., concur.