**Manuel L. "Sam" SANDOS, Plaintiff-Appellee,**

v.

**COLORADO STATE DEPARTMENT OF LABOR AND EMPLOYMENT, Robert J. Ore, as Executive Director, State Personnel Board, Lincoln L. Baca, as Chairman, Ruth B. Lurie, as a Member, Shelby F. Harper, as a Member, F. Arnold McDermott, as Vice Chairman, Raymond C. Delisle, as a Member, Defendants-Appellants.**

No. 80CA0701.

Colorado Court of Appeals, Div. I.

Dec. 18, 1980.

Rehearing Denied Feb. 5, 1981.

716

Hubert M. Safran, Denver, for plaintiff-appellee.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Abby L. Pozefsky, Asst. Atty. Gen., Denver, for defendants-appellants.

PIERCE, Judge.

Sandos, an employee of the Colorado Department of Labor and Employment, was terminated from his job in March of 1979. He began an appeal to the State Personnel Board and was assisted in the initial stages of that appeal by the Colorado Association of Public Employees (C.A.P.E.).[1]

C.A.P.E., at that time, however, informed the Board that it had not decided whether

1. C.A.P.E. has an agreement with the Board that allows C.A.P.E.'s lawyer and non-lawyer representatives to represent claimants at hear-

it would continue to represent Sandos, but, when it did so, that it would notify the Board immediately and make an entry of appearance. C.A.P.E. never entered an appearance on behalf of Sandos, but for some time notification of pending events in the appeal was given both to C.A.P.E. and Sandos.

Several attempts were made by the Board's hearing officer to schedule a prehearing conference. Finally, Sandos was given notice that he should file a pretrial statement, appear at a May 21 deposition, and appear at a prehearing conference scheduled for May 23, 1979. He was warned that failure to attend either in person or by representative might result in exclusion of witnesses or exhibits or in dismissal of the case.

On May 23, 1979, the hearing officer notified C.A.P.E. that, as it had not entered an appearance on behalf of Sandos, it would receive no further notices of the proceedings. On May 24, 1979, counsel for the State sent C.A.P.E. notifications to the same effect with a copy to Sandos.

Sandos was given notice to appear on May 30, 1979, to show cause why the administrative appeal should not be dismissed, and upon his failure to appear, the appeal was dismissed.

The State Personnel board upheld the hearing officer's dismissal of Sandos' appeal, and he then sought review in the district court. The district court entered judgment in favor of Sandos, and remanded the case to the Personnel Board with the directive to reinstate the administrative appeal. On appeal by the Personnel Board, we reverse the judgment of the trial court.

I.

Sandos argues that the United States and Colorado Constitutions grant him a right to counsel in this type of proceeding. We agree that he could not be denied the benefit of counsel if he elects to retain same. However, he has presented us with no authority that in a civil case before

ings before the Board. *See Ross v. The Industrial Commission*, 39 Colo.App. 204, 566 P.2d 367 (1977).

an administrative tribunal he must be provided with counsel. Here, when he was informed that C.A.P.E. would not appear in his behalf, he did not obtain other counsel or appear in his own behalf. This was his responsibility. *See Leahy v. Dunlap*, 6 Colo. 552 (1883).

## II.

Sandos further complains that a dismissal. of his appeal was not made in compliance with the requirements of administrative due process. We do not agree.

 Due process requires that in a proceeding of this nature, a person who is appealing a dismissal must be given adequate notice of the proceeding and charges and a fair opportunity to be heard. *Colorado Board of Medical Examiners v. Palmer*, 157 Colo. 40, 400 P.2d 914 (1965). The record reveals that plaintiff received notice of all proceedings and was advised of the consequences of his failure to appear. His own failure to take advantage of the hearings afforded to him justified the dismissal of his case.

The judgment of the trial court is reversed.

COYTE and RULAND, JJ., concur.