Phillip GEORGE, Petitioner,

v.

The INDUSTRIAL COMMISSION OF THE STATE OF COLORADO, Department of Labor and Employment, Ince Mining Company, and State Compensation Insurance Fund, Respondents.

No. 84CA0568.

Colorado Court of Appeals, Division III.

Jan. 30, 1986.

Rehearing Denied March 20, 1986.

Certiorari Granted (George) June 2, 1986.

Dawes & Crane, P.C., Robert C. Dawes, Durango, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Karen Maldonado, Asst. Atty. Gen., Denver, for respondents Industrial Com'n of the State of Colo. and Dept. of Labor and Employment.

Russell A. Stanley, Denver, for respondents Ince Mining Co. and State Compensation Ins. Fund.

TURSI, Judge.

Claimant, Phillip George, seeks review of a final order of the Industrial Commission denying his petition to reopen. We affirm in part, set aside the order in part, and remand for further proceedings.

Claimant filed a claim for compensation in 1977, stating that he had been employed since 1961 operating rock crushers in Colorado uranium mines and that he had developed silicosis.

It was determined that claimant had silicosis and was industrially disabled from the occupation of mining. However, the Industrial Commission concluded that claimant's disability for manual labor because of silicosis was minimal but that his condition could deteriorate in the future such that he would be then disabled for all manual labor. The respondents were not assessed for payment of temporary or permanent disability benefits but were ordered to pay claimant's medical expenses incurred as a result of his silicosis in an amount not to exceed $20,000.

Several years later, claimant filed a petition to reopen, alleging that his silicosis had worsened. After receiving the report of claimant's and employer's examining physicians, a hearing was held.

The hearing officer denied the petition to reopen. He based his denial on the report of employer's examining physician and on claimant's testimony that he had returned to work as a miner for about six months but that he was terminated when the employer discovered that claimant had silicosis. On review, the Industrial Commission adopted and affirmed the findings of the hearing officer.

Claimant contends that the sole issue is whether the silicosis now impairs his earning capacity. We disagree.

■ For purposes of reopening a workmen's compensation claim, the phrase "change in condition" in § 8–53–113, C.R.S. (1985 Cum.Supp.) refers to a change in the physical condition of claimant and not to changes in economic circumstances alone. *Lucero v. Industrial Commission*, 710 P.2d 1191 (Colo.App.1985) (*cert. granted* December 16, 1985). Thus, the only issue is whether the claimant's physical or mental condition has sufficiently changed to warrant a reopening of the case. This issue is a question of ultimate fact to be determined by the Industrial Commission.

■ Claimant also contends that the finding of the Industrial Commission that his condition had not worsened is not supported by substantial evidence. Again, we disagree.

The Commission's resolution of a factual question, if supported by substantial evidence, is binding on review. *Zuzich v. Leyden Lignite Co.*, 120 Colo. 21, 206 P.2d 833 (1949); *Timberline Sawmill & Lumber, Inc. v. Industrial Commission*, 624 P.2d 367 (Colo.App.1981).

While claimant did present evidence that his physical condition had worsened, the Commission's findings were supported by the report of employer's physician. In that report, employer's physician opined that claimant was not "suffering from any clini-

cally significant pulmonary impairment or disability either caused by or aggravated by his employment as a uranium miner...."

As he did in his petition to the Commission, claimant again raises a request for vocational rehabilitation. We conclude this matter must be remanded for disposition.

Since the claimant is admittedly industrially disabled from the occupation of mining, he may be entitled to vocational rehabilitation under § 8–49–101(1)(a), C.R.S. (1985 Cum.Supp.). Section 8–49–101(4), C.R.S. (1985 Cum.Supp.) provides that an employee is entitled to vocational rehabilitation when, "as a result of the injury or occupational disease, he is unable to perform work for which he has previous training or experience." But, no findings concerning vocational rehabilitation are included in the Commission's order.

The Commission is not held to a crystalline standard when it articulates its findings of fact. *In re Claim of Allmendinger v. Industrial Commission*, 40 Colo.App. 210, 571 P.2d 741 (1977). In the present situation, however, where a request for vocational rehabilitation is raised, the absence of specific findings relating to the request deprives us of the means to determine the facts upon which the Commission based its decision.

Because it is unclear whether the Commission considered claimant's request concerning vocational rehabilitation in affirming the hearing officer, the order is set aside and the cause is remanded for disposition of that request. In the Commission's discretion, such disposition may be accomplished by entry of an order concerning vocational rehabilitation based on the record before it or, alternatively, by remanding the case to the hearing officer for proceedings leading to the issuance of a supplemental order. *See* § 8–53–111, C.R.S. (1985 Cum.Supp.). That portion of the order refusing to reopen the claim for disability benefits is affirmed.

BERMAN and METZGER, JJ., concur.