**Ronald MADRID, Petitioner,**

v.

**MOUNTAIN STATES TELEPHONE AND TELEGRAPH COMPANY and the Industrial Commission of the State of Colorado, Respondents.**

**No. 85CA1295.**

Colorado Court of Appeals,
Div. III.

Oct. 30, 1986.

Podoll & Podoll, P.C., Richard B. Podoll, Rhonda J. Watson, Denver, for petitioner.

Eiberger, Stacy & Smith, Raymond W. Martin, Denver, for respondent Mountain States Tel. and Tel. Co.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for respondent Industrial Com'n.

BABCOCK, Judge.

Claimant, Ronald Madrid, seeks review of a final order of the Industrial Commission (Commission) denying him full unemployment compensation benefits following his discharge from Mountain States Telephone & Telegraph Company (employer). We affirm.

Claimant initially contends that the Commission's findings are unsupported by the evidence. We disagree.

The evidence shows that while employed as a second-level manager, claimant and two other employees were officers, directors, and shareholders of Treelore, Inc., a computer consulting firm. Claimant admitted preparing Treelore documents, including invoices, contract proposals, and business cards, on his employer's computer and related equipment. Claimant's company also sought and performed contract work for employer's Public Relations Department.

The Commission found these practices violative of employer's policies forbidding use of company property for non-work related purposes, and its policy regarding potential employee conflicts of interest. Claimant testified he received a copy of these policies when he was first employed, that he understood them, and that he reviewed them annually.

Claimant complied with company policy by filing a conflict of interest disclosure statement with employer in March 1982, in which he disclosed his business relationship with and interest in Treelore, Inc., but claimant stated that Treelore did not supply services to employer. In response, employer determined that no conflict existed, but directed claimant to file an updated disclosure statement should circumstances change. Thereafter, Treelore supplied employer with computer services, but claimant admitted not updating his disclosure statement.

While conflicting evidence was received on the extent of employer's toleration of employees' personal use of its equipment, it is for the Commission to resolve disputed questions of fact. *In re Claim of Allmendinger v. Industrial Commission*, 40 Colo. App. 210, 571 P.2d 741 (1977). We will not substitute our judgment where, as here, the Commission's findings are supported by the record.

Claimant argues that the Commission's findings nonetheless do not support its decision. Again, we disagree.

In resolving this claim, the Commission relied upon § 8–73–108(5)(e)(VII), C.R.S. (1986 Repl.Vol.3B). This section permits a reduced award of benefits upon a showing that claimant violated a company rule which resulted or could have resulted in serious damage to the employer's property or interest. Claimant argues that no evidence of serious damage to the employer's interest was received.

The Commission found that while employer could not estimate the exact value of claimant's use of its equipment, such unauthorized use had a cost impact on employer. Moreover, the employer's policies that the Commission found violated are of such nature that their violation is prejudicial to its legitimate interests as a public utility. The record amply supports the conclusion that because these policies were violated, serious damage could have resulted to the employer's interests. *See In re Claim of Allmendinger v. Industrial Commission, supra.*

Order affirmed.

VAN CISE and METZGER, JJ., concur.