**Joan G. HELLEN, Petitioner,**

v.

**INDUSTRIAL COMMISSION OF the STATE of Colorado and Western Stone and Metal Corporation, Respondents.**

**No. 86CA1225.**

Colorado Court of Appeals,
Div. I.

April 16, 1987.

William E. Benjamin, Boulder, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Dani R. Newsum, Asst. Atty. Gen., Denver, for respondent Industrial Comn.

Fairfield and Woods, P.C., Brent T. Johnson, Denver, for respondent Western Stone & Metal Corp.

ENOCH, Chief Judge.

Petitioner, Joan C. Hellen, (claimant) seeks review of an Industrial Commission order disqualifying her from unemployment compensation benefits under § 8–73–108(5)(e)(II), C.R.S. (1986 Repl. Vol. 3B) (quitting because of dissatisfaction with a supervisor). We set aside the order.

The evidence established that claimant quit her employment because she was unhappy with her immediate supervisor. The employer's representative testified that claimant's supervisor had poor management skills and that the employer was contemplating removing him from his managerial position. However, the referee found that the supervisor treated all his staff uniformly.

Claimant contends that the Commission erred by basing its decision on the fact that she was not subjected to disparate treatment by the supervisor. She contends that the evidence is undisputed that the supervision she received was unreasonable, and that she is, therefore, entitled to full benefits. We agree that the applicable statute does not condition the receipt of benefits on disparate treatment by the supervisor.

Section 8–73–108(5)(e)(II), C.R.S. (1986 Repl.Vol. 3B) disallows unemployment compensation benefits if a claimant quits because of *dissatisfaction with a supervisor* with "no evidence to indicate that the supervision is other than that reasonably to be expected in the proper performance of work." Section 8–73–108(5)(e)(I), C.R.S. (1986 Repl. Vol. 3B), on the other hand, disallows benefits when an employee quits because of dissatisfaction with *working conditions* which "generally prevail for other workers performing the same or similar work." Since claimant quit for dissatisfaction with a supervisor, the only relevant consideration is whether the nature of such supervision was "reasonably to be expected." Section 8–73–108(5)(e)(II), C.R.S. (1986 Repl.Vol. 3B). If the supervision was unreasonable, it does not matter that it was uniformly applied to all employees.

Relying on *In re Claim of Allmendinger v. Industrial Commission,* 40 Colo.App. 210, 571 P.2d 741 (1977), the employer argues that since the Commission is not held to a "crystalline standard" when articulating findings of fact, the Commission's application of § 8–73–108(5)(e)(II) implies a finding that the nature of the claimant's supervision *was* reasonably to be expected.

*In re Claim of Allmendinger v. Industrial Commission, supra,* stands for the proposition that the Commission's findings will not be overturned on review as long as their basis is apparent in the order. Here, however, the Commission did not make an explicit finding that the nature of claimant's supervision was "reasonably to be expected." That fact, combined with the

emphasis the referee attached to the uniformity of the poor supervision, makes it unclear whether the Commission based its decision on the proper standard.

Therefore, the order is set aside and the cause is remanded to the Industrial Claim Appeals Panel with directions to remand the cause to a hearing officer for reconsideration of the evidence and entry of appropriate findings in light of the proper statutory standard.

SMITH and CRISWELL, JJ., concur.

