Craig W. PARKER, Petitioner,

v.

DANIELS MOTORS, INC., and the Industrial Commission of the State of Colorado, Respondents.

No. 86CA0131.

Colorado Court of Appeals, Div. I.

April 23, 1987.

Stephen J. Sletta, Colorado Springs, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Jill M.M. Gallet, Asst. Atty. Gen., Denver, for respondent Indus. Comn.

No appearance for respondent Daniels Motors, Inc.

KELLY, Judge.

Craig W. Parker (claimant) seeks review of a final order of the Industrial Commission denying him unemployment benefits under § 8–73–108(5)(e)(XX), C.R.S. (1986 Repl.Vol. 3B) (failure to meet established job performance standards). We affirm.

Claimant, a service advisor for a Chevrolet dealership, was discharged when he returned to work after a sick leave. Claimant's supervisor testified that claimant was fired because he had made excessive errors in repair estimates and also gave a customer an unauthorized warranty on a part. The supervisor stated that claimant was not careful and attentive to detail in his work. Claimant admitted making errors, but asserted that he was not at fault or that the errors were not excessive for his level of experience. The supervisor testified that claimant's errors were excessive and greater than those of the other service advisors. The supervisor also stated that he had warned claimant about his performance, but claimant did not improve.

The Commission concluded that claimant was discharged for failure to meet established job performance standards, and denied all benefits attributable to the employer or twenty-five times claimant's weekly benefit amount, whichever was less.

On review, claimant contends that the Commission erred in denying him benefits based on failure to meet established job performance standards. Claimant argues that the Commission did not adequately define the standards applicable to claimant's job. We disagree.

■ "Failure to meet established job performance standards" means that claimant did not do the job for which he was hired and which he knew was expected of him. *Dawson v. Industrial Commission,* 660 P.2d 924 (Colo.App.1983). Here, although claimant presented contrary testimony, there was ample testimony from the supervisor about the performance standards for service advisors, his warnings to claimant, and claimant's excessive errors. The Commission's resolution of this conflicting evidence is binding on review. *In re Claim of Krantz v. Kelran Constructors, Inc.,* 669 P.2d 1049 (Colo.App.1983). It was not necessary that the Commission describe the job performance standard in any greater detail. *See In re Claim of Allmendinger v. Industrial Commission,* 40 Colo.App. 210, 571 P.2d 741 (1977).

■ Claimant also contends that the Commission erred in denying him benefits, arguing that under § 8–73–108(5)(g), C.R.S. (1986 Repl.Vol. 3B), his benefits could be deferred for ten weeks, but not denied. We disagree.

The purpose of the unemployment compensation act is to provide protection to those unemployed through no fault of their own. Section 8–70–102, C.R.S. (1986 Repl. Vol. 3B). Unemployment compensation benefits are not provided to an employee whose separation from employment is voluntary or for cause. Section 8–73–108(5)(e), C.R.S. (1986 Repl.Vol. 3B); *see Industrial Commission v. Moffat County School District,* 732 P.2d 616 (Colo.1987); *Denver Post Corp. v. Industrial Commission,* 677 P.2d 436 (Colo.App.1984).

Section 8–73–108(5)(e) provides:

"Subject to the maximum reduction consistent with federal law, and insofar as consistent with interstate agreements, if separation from employment occurs for [failure to meet established job performance standards], the employer from whom such separation occurred shall not be charged for benefits which are attributable to such employment and, because any payment of benefits which are attributable to such employment out of the fund as defined in Section 8–70–103(13) shall be deemed to have an adverse effect on such employer's account in such fund, no payment of such benefits shall be made from such fund...."

By the language of this provision, except to the extent required by federal law, a claimant is not entitled to any benefits attributable to employment terminated voluntarily or for cause, since neither the employer nor the fund can be charged for those benefits.

Claimant, however, argues that § 8–73–108(5)(g) overrides the above disqualification provision; that section provides:

"If a separation from employment subject to adjudication under this subsection (5) occurs for any of the reasons enumerated in paragraph (e) of this subsection (5) and such separation is the most recent separation from employment, any bene-

fits to which the claimant is entitled shall be deferred for ten weeks."

These two subsections must be read together to give meaning and effect to both. *See Colorado Department of Social Services v. Board of County Commissioners,* 697 P.2d 1 (Colo.1985). Section 8–73–108(5)(e) provides that claimant is not entitled to benefits attributable to the terminated employment, while § 8–73–108(5)(g) provides the time for payment of "any benefits to which the claimant is entitled." We hold that § 8–73–108(5)(g) refers to the deferral of any benefits attributable to other employments to which claimant may be entitled, and does not negate the plain disqualification provisions of § 8–73–108(5)(e).

Order affirmed.

PIERCE and METZGER, JJ., concur.