**Kim A. BOEHEIM, Petitioner,**

v.

**INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO and PGT, Inc., d/b/a Turley's, Respondents.**

**No. 00CA1320.**

Colorado Court of Appeals, Div. V.

March 29, 2001.

Kim A. Boeheim, pro se.

Ken Salazar, Attorney General, Mark W. Gerganoff, Assistant Attorney General, Denver, CO, for Respondent Industrial Claim Appeals Office.

No Appearance for Respondent PGT, Inc.

Opinion by Judge ROY.

In this unemployment benefits case, petitioner, Kim A. Boeheim (claimant), seeks review of a final order of the Industrial Claim Appeals Office (Panel). The Panel upheld a hearing officer's decision disqualifying claimant from the receipt of benefits attributable to part-time employment as a waitress and imposing a ten-week deferral of benefits attributable to other employment as an accountant from which she had previously separated. We affirm.

The relevant facts are not in dispute. Claimant was laid off from her full-time posi-

tion as an accountant with a severance package and filed an initial claim for unemployment benefits. At that time, she was also employed part-time as a waitress. Several weeks later, claimant quit the part-time employment at issue here to move to New York.

Based on these facts, the hearing officer imposed a disqualification from benefits attributable to the part-time employment pursuant to § 8–73–108(5)(e)(IV), C.R.S.2000 (providing for disqualification from benefits when a job separation results from quitting to move to another area). The hearing officer also imposed a ten-week deferral in the benefits attributable to the full-time employment, effective the week following claimant's separation from the part-time employment. On review, the Panel affirmed.

### I.

On appeal, claimant does not challenge the disqualification imposed concerning her separation from the part-time employment. As she did before the hearing officer and the Panel, however, claimant continues to challenge the ten-week deferral of benefits imposed as a result. We conclude that the Panel properly addressed and rejected claimant's arguments in this regard, and we agree with the Panel's disposition and analysis of these issues.

■ As noted by the Panel, Colorado statutes mandate that a ten-week deferral of any benefits to which a claimant is entitled shall be imposed if, as here, a disqualification is imposed on the most recent separation from employment. Sections 8–73–108(3)(b) and 8–73–108(5)(g), C.R.S.2000. Also by statute, such a deferral shall begin with the effective date of the additional claim resulting from the most recent separation. Section 8–73–108(5)(g).

Thus, the Panel properly upheld both the imposition and the timing of the ten-week deferral of benefits mandated by statute and ordered by the hearing officer in this case. *See* §§ 8–73–108(3)(b) and 8–73–108(5)(g); *Parker v. Daniels Motors, Inc.,* 738 P.2d 68 (Colo.App.1987); *see also Boselli Investments, L.L.C. v. Division of Employment,*

975 P.2d 204 (Colo.App.1999) (statutory directive using the word "shall" is intended to be mandatory).

## II.

■ Claimant also testified that she was told by a state employee upon the filing of her initial claim that her upcoming departure from her part-time job would not affect the timing of her receipt of benefits. She contends that she relied to her detriment on that misinformation in that she would have changed the timing of her separation from the part-time job to minimize the negative impact on her benefits.

■ However, we agree with the Panel that being given incorrect information concerning such matters did not provide a basis for awarding benefits contrary to the statutory provisions. We must give effect to the statutory requirements governing the ten-week deferral of benefits as written. Moreover, having sought benefits under this statutory scheme, claimant is presumed to know these statutory requirements. *See Lewis v. Colorado Department of Labor & Employment,* 924 P.2d 1183 (Colo.App.1996); *Paul v. Industrial Commission,* 632 P.2d 638 (Colo. App.1981); *see also Boselli Investments, L.L.C. v. Division of Employment, supra.*

■ Finally, we reject the claimant's estoppel argument with respect to any advice given to her by an employee of the division and her reliance on that advice. A party generally cannot state a claim for relief under a theory of equitable estoppel against a governmental entity acting in its governmental capacity. *See Peterkin v. Industrial Commission,* 698 P.2d 1353 (Colo.App.1985), *aff'd, Peterkin v. Curtis, Inc.,* 729 P.2d 977 (Colo.1986).

Thus, the Panel's ruling will not be disturbed on judicial review. *See* § 8–74–107(6), C.R.S.2000.

The Panel's order is affirmed.

ROTHENBERG and TAUBMAN, JJ., concur.