25CA0708 Wood v ICAO 08-14-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0708
Industrial Claim Appeals Office of the State of Colorado
DD No. 1013-2025

Jackson Harris Wood,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado,

Respondent.

ORDER AFFIRMED

Division IV
Opinion by JUDGE GOMEZ
Freyre and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 14, 2025

Jackson Harris Wood, Pro Se

No Appearance for Respondent

¶ 1    In this unemployment compensation benefits case, claimant, Jackson Wood, seeks review of a final order of the Industrial Claim Appeals Office (the Panel).  The Panel affirmed a hearing officer's decision denying Wood's request to (1) backdate the initial effective date of his benefits claim to August 18, 2024 and (2) backdate the reopen effective date to September 29, 2024.  We affirm the Panel's order.

## I.    Background

¶ 2    Wood was laid off from his employment in August 2024.  He applied for benefits at the end of September, but did not make continuing requests for benefit payments, and his account automatically closed.  *See* Dep't of Lab. & Emp. Reg. 2.1.7, 7 Code Colo. Regs. 1101-2 (requiring the weekly submission of continued claims).

¶ 3    On October 13, 2024, Wood reopened his claim.  Then, in January 2025, he requested that his claim be backdated to August 18, 2024.  *See* Dep't of Lab. & Emp. Reg. 2.1.10.3, 7 Code Colo. Regs. 1101-2 (providing that a claim may be backdated in certain circumstances).  A deputy for the Colorado Division of Unemployment Insurance (the Division) denied Wood's request,

1

finding that Wood hadn't established that he "exercised no control over the circumstance of the untimely filing." The deputy therefore found that Wood was not eligible for benefits from August 18 through October 12.

¶ 4 Wood requested a hearing on the deputy's determination, asserting that when he filed his claim in September, he didn't understand that he had to request a payment each week. He initially tried, without success, to call the Division to speak to someone about the process. Then, after October 15, he tried to call to let the Division know that he was employed again, but each time he tried, "all lines [were] busy." He "finally got through" in January 2025 and was "told it could be backdated." He then gave the Division "all the information needed including the weeks [he] was unemployed," but his request was "denied for being untimely."

¶ 5 A hearing officer held a hearing in February 2025. The hearing officer asked Wood why he didn't initially file his unemployment claim earlier, and Wood responded that he was looking for employment and "wasn't even thinking about unemployment" until the end of September when he hadn't had any success in finding a job. Wood explained that he "put in the claim"

2

at the end of September, but then got a job with a new employer on October 14.  Wood testified that it was his first claim for unemployment compensation benefits and he was unfamiliar with some of the requirements.

¶ 6     The hearing officer affirmed the deputy's determination, and denied Wood's request to backdate the initial effective date of the claim (from September 29 to August 18) and the effective reopen date of the claim (from October 13 to September 29).  Wood appealed to the Panel, stating that he disagreed with the decision to "completely deny [his] unemployment claim."  The Panel affirmed the hearing officer's decision.

## II.     Standard of Review

¶ 7     We may set aside the Panel's decision only if (1) the Panel acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the findings of fact don't support the decision; or (4) the decision is erroneous as a matter of law.  § 8-74-107(6), C.R.S. 2024.

## III. Analysis

¶ 8　　In this appeal, Wood states that his "case comes down to two separate parts," which we interpret to mean both the initial effective date and the reopen effective date. We address each in turn.

### A. Initial Effective Date

¶ 9　　Initially, Wood didn't apply for unemployment compensation benefits because he was "immediately seeking work." The hearing officer and the Panel determined that this reason was not a circumstance outside of Wood's control. After reviewing the record, we agree.

¶ 10　　The Division may allow backdating of the first week of a claim "only if the individual establishes to the satisfaction of the Division that [they] exercised no control over the untimely filing." Dep't of Lab. & Emp. Reg. 2.1.10.3, 7 Code Colo. Regs. 1101-2. Regulation 2.1.10.3 also states that "[b]eing unaware of the need to timely file shall not be considered a factor outside the individual's control."

¶ 11　　Because the record supports the hearing officer's finding that Wood was in control of the timing of his claim, we find no error in the denial of Wood's request to backdate the initial effective date.

## B.    Reopen Effective Date

¶ 12    From the record, we discern that a claim was opened for Wood when he applied for benefits on September 30, with an effective date of September 29.  Because Wood failed to request payments, however, his account automatically closed.  He was later able to reopen the claim, but with an effective date of October 13, and his request to backdate that reopening to September 29 was denied.

¶ 13    On appeal, Wood asserts that he didn't understand that he had to request payment for each week he was unemployed.  He acknowledged at the hearing that he was able to log on to the Division's website at the end of September to successfully file a claim.  The hearing officer asked him, "[D]id you go over the instructions on how to claim benefits?  I mean, did you go through the website and read the instructions?"  Wood responded, "I went through it all.  Like I said, I filed the claim.  I did the identity verification, the wage verification. . . .  I just was unaware that I had to somehow request payment for each week."

¶ 14    A claimant seeking payment of unemployment benefits must file continued claims on a weekly basis by interactive voice response system or by electronic means, unless the Division permits a

5

continued claim to be filed by mail or in person because filing by other means would cause undue hardship for an individual. Dep't of Lab. & Emp. Reg. 2.1.7, 7 Code Colo. Regs. 1101-2.

¶ 15 The applicable regulations allow the Division, in its discretion, to permit backdating of initial or reopened claims only when the claimant "exercised no control" over the circumstances of the untimely filing of the claim. In this case, Woods didn't explain any circumstances beyond his control, but stated only that he was unaware of the need to file continuing requests for benefits. Generally, having requested benefits, claimants are presumed to know the contents of the unemployment statutes and regulations. *See Boeheim v. Indus. Claim Appeals Off.*, 23 P.3d 1247, 1249 (Colo. App. 2001). We agree that Wood's failure to completely read and understand all the instructions, including the weekly requirement to request payment, was not a circumstance beyond his control.

¶ 16 The hearing officer and the Panel were required to apply the plain language of the applicable regulations. *See Dep't of Revenue v. Agilent Techs., Inc.*, 2019 CO 41, ¶ 25 (when a regulation's language is clear and unambiguous, it must be applied as written). Because we ultimately find that the Panel's affirmance of the

6

hearing officer's decision is supported by substantial evidence and not erroneous, we must affirm the Panel's decision.

## IV. Disposition

¶ 17 The Panel's order is affirmed.

JUDGE FREYRE and JUDGE MEIRINK concur.