25CA1482 DeMaria v ICAO 11-26-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA1482
Industrial Claim Appeals Office of the State of Colorado
DD No. 10015-2025

---

David DeMaria,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado,

Respondent.

---

ORDER AFFIRMED

Division III
Dunn, Lipinsky, and Kuhn, JJ.
PER CURIAM

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 26, 2025

---

David DeMaria, Pro Se

No Appearance for Respondent

¶ 1    David DeMaria appeals the final order of the Industrial Claim Appeals Office (the Panel) affirming a hearing officer's denial of his request to backdate an unemployment insurance claim so he could collect benefits from November 24, 2024, to December 7, 2024 (the backdate period).  We affirm the order.

## I.    Background

¶ 2    After separating from his employer on November 12, 2024, DeMaria filed an unemployment insurance claim with the Division of Unemployment Insurance Customer Service Center (the Division) with an effective date of November 10, 2024.  DeMaria did not receive benefits for the weeks following his separation, however, because he did not complete the "work search" section of the online weekly payment request form.  *See* Dep't of Lab. & Emp. Reg. 2.1.7, 7 Code Colo. Regs. 1101-2 (requiring the weekly submission of continued claims to receive payment).

¶ 3    In March 2025, DeMaria asked the Division to backdate his claim so he could receive unemployment benefits for the backdate period.  *See* Dep't of Lab. & Emp. Reg. 2.1.10.3, 7 Code Colo. Regs. 1101-2 (providing that the Division may permit a change in the first week of a reopened claim in certain circumstances).  (The

1

Panel's final order says that DeMaria's appeal is from a "request to backdate the reopened effective date of his claim for benefits" under regulation 2.1.10.3).

¶ 4     A deputy for the Division denied DeMaria's backdate request because DeMaria had been "in control of the circumstances which led to [his] untimeliness."

¶ 5     DeMaria requested a hearing on the deputy's determination. At the hearing, DeMaria testified that nothing had prevented him from filling out the work search section on his weekly payment request, but he claimed that he was "unaware" that the work search section "had to be documented."  DeMaria said, "It just was not apparent to me that that[] [was] a hard requirement."

¶ 6     He admitted that he filed for unemployment insurance benefits online and that he had internet access, phone service, and access to transportation during the weeks he did not complete the work search section.  DeMaria also admitted that he completed the work search section for one week in December 2024 and that he received benefits for that week.

¶ 7     DeMaria testified that he did not submit the backdate request until March 2025 because, although he realized in December 2024

he was not receiving payments, he tried dozens of times to reach the Division by phone. He claimed it had been impossible "to reach a live person in the office." DeMaria testified that only after he went to the Division in person in March 2025 did he learn that he "apparently had not completed the weekly process" for the backdate period.

¶ 8 At the hearing, the deputy testified that, although he is as "sympathetic as possible" to situations involving claimant confusion, the evidence did not support that "there was anything beyond [DeMaria's] control, preventing [him] from requesting payment." And while the deputy acknowledged it "may take multiple attempts" to contact the Division, he noted that no call line outages or "system issues" would have "reasonably prevent[ed] [DeMaria] from getting in contact with the Division successfully." He added that claimants can "physical[ly] go[] to a Workforce Center and us[e] those resources to get directly in contact with the Division."

¶ 9 The hearing officer affirmed the deputy's determination, finding that DeMaria "provided no reason he was not able to request benefits for [the backdate period] other than he was not aware he

needed to complete the [work search] section of the request, which is not a factor outside of [his] control."

¶ 10     On review, the Panel affirmed the hearing officer's decision.

## II.     Analysis

¶ 11     DeMaria contends that the Panel erred because it "did not account for the fact there was [zero] phone support available to assist with processing [his] unemployment claim." But we must affirm the Panel's order because substantial evidence supports it.

¶ 12     We may set aside the Panel's decision only if (1) the Panel acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the findings of fact do not support the decision; or (4) the decision is erroneous as a matter of law. § 8-74-107(6), C.R.S. 2025.

¶ 13     The Division may accept a request to backdate a reopened claim, but "only if the individual establishes to the satisfaction of the [D]ivision that [the individual] exercised *no control* over the circumstances of the untimely filing." Dep't of Lab. & Emp. Reg. 2.1.10.3, 7 Code Colo. Regs. 1101-2 (emphasis added). "Being unaware of the need to timely file shall not be considered a factor outside the individual's control." *Id.*

¶ 14    After carefully reviewing the administrative record, including the hearing transcript, we conclude that substantial evidence — including DeMaria's own testimony — supports the hearing officer's finding that nothing prevented DeMaria from completing the work search section on his weekly payment request.  His lack of awareness that the work search section "had to be documented" is not a factor outside his control.  *Id.*  Like all claimants for unemployment benefits, DeMaria is presumed to know the content of the unemployment statutes and regulations.  *See Boeheim v. Indus. Claim Appeals Off.*, 23 P.3d 1247, 1249 (Colo. App. 2001).

¶ 15    And while DeMaria testified that he experienced difficulty reaching the Division by telephone starting in December 2024, he filed his claim online.  He did not testify to any circumstances beyond his control that prevented him from completing the work search section online.  Indeed, he successfully did so at least once in December 2024, demonstrating that submitting a weekly payment request with a completed work search section was within his control.  The regulations — which the Panel must apply as written — bar DeMaria's request to backdate his claim.  *See Dep't of Revenue v. Agilent Techs., Inc.*, 2019 CO 41, ¶ 25, 441 P.3d 1012,

1017 (holding that when a regulation's language is clear and unambiguous it must be applied as written).

### III.   Disposition

¶ 16     The Panel's order is affirmed.