25CA1728 Zimmerman v ICAO 01-29-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA1728
Industrial Claim Appeals Office of the State of Colorado
DD No. 9492-2025

---

Deanna Zimmerman,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado,

Respondent.

---

ORDER AFFIRMED

Division VI
Opinion by JUDGE GROVE
Yun and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 29, 2026

---

Deanna Zimmerman, Pro Se

No Appearance for Respondent

¶ 1     In this unemployment benefits case, Deanna Zimmerman seeks review of a final order of the Industrial Claim Appeals Office (Panel). The Panel affirmed a hearing officer's decision denying Zimmerman's request to backdate her benefits claim. We affirm the Panel's order.

## I.     Background

¶ 2     Zimmerman separated from her employer in early November 2023. She did not file a claim for unemployment benefits until late January 2024 because she had accepted a "severance package" from her employer, which she understood to postpone her receipt of benefits. *See* § 8-73-110(1)(a), C.R.S. 2025 (when an individual receives a "severance allowance," unemployment benefits are postponed commensurate with their usual weekly wage).

¶ 3     Zimmerman then began a new job in February 2024.

¶ 4     The Division of Unemployment Insurance (Division) did not issue a decision on Zimmerman's claim until early March 2025. At that time, a deputy with the Division determined that the payment Zimmerman had received from her employer was not a "severance allowance" for purposes of the unemployment statutes. *See* § 8-70-103(23.7)(b), C.R.S. 2025 (excluding from the definition of

1

"severance allowance" an employer's payment made with the purpose of "induc[ing] the individual to waive rights or claims against the employer"). Thus, the payment did not trigger section 8-73-110(1)(a)'s benefit postponement as Zimmerman had believed.

¶ 5     After several attempts to contact the Division, Zimmerman requested on March 20, 2025, that her claim be "backdate[d]" to November 12, 2023, which was shortly after her job separation. A deputy with the Division denied the backdate request because it was submitted after the 180-day deadline set by the unemployment regulations. *See* Div. of Unemployment Ins. Regs. 2.1.10.3, 2.3.4, 7 Code Colo. Regs. 1101-2.

¶ 6     Zimmerman appealed this decision to a hearing officer, who affirmed the deputy's decision after a hearing.

¶ 7     Zimmerman appealed that decision to the Panel. Two members of the Panel agreed that the hearing officer's decision should be affirmed. A third Panel member dissented.

## II.     Standard of Review

¶ 8     We may only set aside the Panel's decision if (1) the Panel acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the factual findings do not support its

decision; or (4) the decision is erroneous as a matter of law. § 8-74-107(6), C.R.S. 2025; *Yotes, Inc. v. Indus. Claim Appeals Off.*, 2013 COA 124, ¶ 9.

### III.  Legal Principles

¶ 9　　An individual is eligible to receive unemployment benefits for weeks of unemployment after filing an initial claim. The Division may "backdate" a claim, enabling the claimant to receive benefits for weeks of unemployment prior to the effective date of the claim. *See* Div. of Unemployment Ins. Regs. 2.1.10.3, 2.3.4, 7 Code Colo. Regs. 1101-2. However, the Division may backdate a claim only if the claimant (1) requested the claim be backdated within 180 days of the "applicable time period," and (2) "exercised no control over the circumstances" of the untimely filing. Div. of Unemployment Ins. Regs. 2.1.10.3, 2.3.4, 7 Code Colo. Regs. 1101-2. "Being unaware of the need to timely file shall not be considered a factor outside of the [claimant's] control." Div. of Unemployment Ins. Reg. 2.1.10.3, 7 Code Colo. Regs. 1101-2.

### IV.  Analysis

¶ 10　　Because Zimmerman is now self-represented, we construe her arguments broadly, focusing on substance rather than form. *See*

*Jones v. Williams*, 2019 CO 61, ¶ 5.  But it is not our role to rewrite a self-represented appellant's brief or act as their advocate. *Johnson v. McGrath*, 2024 COA 5, ¶ 10; *see Minshall v. Johnston*, 2018 COA 44, ¶ 21 ("[L]iberal construction does not include inventing arguments not made by the [self-represented] party.").[1]

¶ 11　　But before turning to her arguments, we review the hearing officer's and the Panel's decisions.  The hearing officer found that Zimmerman would have had to request a backdate by May 13, 2024, to fall within the 180-day window.[2]  But Zimmerman requested her claim be backdated on March 20, 2025, and the hearing officer therefore concluded she missed the deadline.  In light of this conclusion, the hearing officer determined that the issue of whether Zimmerman exercised control over the circumstances of the untimely filing was "moot."

¶ 12　　The Panel agreed with the hearing officer's conclusion that Zimmerman made her request after the 180-day time limit had

[1] Accordingly, we do not address the due process argument Zimmerman raised before the Panel but does not reassert here.
[2] The hearing officer found that the last date of the "applicable time period" was November 15, 2023.  *See* Div. of Unemployment Ins. Reg. 2.3.5, 7 Code Colo. Regs. 1101-2.  180 days after that date was May 13, 2024.

expired.  Unlike the hearing officer's mootness determination, the Panel concluded that Zimmerman had control over the circumstances that led to the late filing.  In doing so, the Panel noted that it was undisputed Zimmerman timed her initial filing based on her understanding of the law regarding the receipt of severance pay.

¶ 13    Next, we turn to Zimmerman's arguments.  First, relying on Regulation 12.1.8, she appears to argue that she had "good cause" such that her untimely backdate request should have been permitted.  *See* Div. of Unemployment Ins. Reg. 12.1.8, 7 Code Colo. Regs. 1101-2 (listing nonexclusive factors the panel or division considers when determining whether good cause exists for permitting certain untimely actions).  She also contends that she had "no knowledge of the need" to submit her backdate request within 180 days.

¶ 14    It is unclear whether either of these arguments is preserved for appellate review.  *See Debalco Enters., Inc. v. Indus. Claim Appeals Off.*, 32 P.3d 621, 624 (Colo. App. 2001) (declining to address issues that were not raised in the administrative proceedings and not preserved for appellate review); *QFD Accessories, Inc. v. Indus. Claim*

*Appeals Off.*, 873 P.2d 32, 33-34 (Colo. App. 1993) (arguments not raised before the Panel are not preserved for appellate review). Zimmerman's opening brief does not address preservation, and our own review of the record confirms that briefing before the Panel focused on whether the hearing officer's ruling violated Zimmerman's due process rights

¶ 15     Even if we were to assume that the arguments were preserved, however, they would still fail.  The good cause exception that Zimmerman relies on doesn't apply to this backdating issue.  *See* Div. of Unemployment Ins. Regs. 2.1.10.3, 2.3.4, 12.1.2, 7 Code Colo. Regs. 1101-2.  And, as noted above, a claimant's showing they exercised no control over the circumstances of an untimely filing cannot be based on their lack of knowledge of the relevant filing deadlines.  Div. of Unemployment Ins. Reg. 2.1.10.3, 7 Code Colo. Regs. 1101-2.

¶ 16     Zimmerman's other contentions are more clearly preserved, *see In re Estate of Ramstetter*, 2016 COA 81, ¶ 68 ("[R]aising the 'sum and substance' of an argument is sufficient to preserve it." (citation omitted)), but we are not persuaded that they warrant relief.  As best we can tell, both arguments challenge the Panel's

conclusion that she exercised control over the circumstances surrounding her untimely filing. *See* Div. of Unemployment Ins. Regs. 2.1.10.3, 2.3.4, 7 Code Colo. Regs. 1101-2.

¶ 17    Zimmerman first asserts that she was unaware that the payment she received from her employer, for which she had to "give up [her] rights," did not qualify as a severance allowance for benefits purposes. *See* § 8-70-103(23.7)(b). But like all claimants for unemployment benefits, she is presumed to know the contents of the unemployment statutes and regulations. *See Boeheim v. Indus. Claim Appeals Off.*, 23 P.3d 1247, 1249 (Colo. App. 2001); *cf.* Div. of Unemployment Ins. Reg. 2.1.10.3, 7 Code Colo. Regs. 1101-2 (being unaware of the need to timely file is not a factor outside a claimant's control).

¶ 18    Zimmerman also contends that it was the "untimely actions" of the Division that were "out of [her] control." It is true that, for reasons unexplained by the record, the Division did not decide the "severance" issue until roughly 400 days after Zimmerman filed her claim. And it is also true, as noted by the dissenting Panel member, that the Division's delayed resolution of this issue occurred despite a deputy's obligation to "*promptly* examine all

7

materials submitted" pertinent to a benefits claim. *See* § 8-74-102(1), C.R.S. 2025 (emphasis added). However, regardless of whether Zimmerman had control over the circumstances of the late filing, Regulation 2.1.10 prohibits backdating when requested beyond the 180-day deadline. *See* Div. of Unemployment Ins. Reg. 2.1.10, 7 Code Colo. Regs. 1101-2. The hearing officer found, and it is undisputed, that Zimmerman filed her request beyond the 180-day window. *See also* § 8-74-107(4) (a hearing officer's factual findings are conclusive when supported by substantial evidence). Thus, we are not persuaded by Zimmerman's arguments.

¶ 19 In sum, the Division lacked regulatory authority to grant Zimmerman's backdate request. And the regulations must be enforced as written. *See Dep't of Revenue v. Agilent Techs., Inc.*, 2019 CO 41, ¶ 25 (when a regulation's language is clear and unambiguous, it must be applied as written). On review of the arguments raised and the record, we must affirm the Panel's order. *See McGrath*, ¶ 10; *Dep't of Revenue*, ¶ 25.

V.    Disposition

¶ 20 The order is affirmed.

JUDGE YUN and JUDGE SCHOCK concur.